UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV13-1247-JAK (SPx) | Date | July 31, 2014 |
|---|---|---|---|
| Title | Dennis Rutherford, et al. v. PaloVerde Health Care District, et al., | | |

| Present: The Honorable | SHERI PYM, United States Magistrate Judge | |
|---|---|---|
| Kimberly I. Carter | | None |
| Deputy Clerk | | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:** (In Chambers) Order Granting in Part Defendants' Motion to Compel Documents [209]

On July 1, 2014, defendants Palo Verde Health Care District ("PVHD"), et al. filed a Motion to Compel Plaintiffs to Further Respond to Written Discovery (docket no. 209). Defendants seek an order compelling plaintiffs Klune and Rutherford to serve further responses and produce all relevant documents responsive to PVHD's Requests for Production of Documents ("RFPs") Numbers 69 (Klune) and 74 (Rutherford). These requests seek information about all sources of plaintiffs' income.

The parties have fully briefed the motion to compel. The court has considered the papers submitted by the parties, and finds that a hearing on the motion is not necessary. The court previously took the hearing off calendar.

For the reasons that follow, the court GRANTS in part defendants' motion to compel.

**BACKGROUND**

Plaintiffs Peter Klune, Dennis Rutherford, and Tara Barth are former executive employees of defendant Palo Verde Health Care District. PVHD operates Palo Verde Hospital in Blythe, California. Plaintiffs filed lawsuits (which are now consolidated) in July 2013 alleging they were wrongfully terminated in response to their work in exposing or pursuing prosecution of an illegal kickback scheme at the hospital. Plaintiffs' claims include claims under the federal False Claims Act, for breach of their employment contracts, and for retaliatory termination and retaliation.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV13-1247-JAK (SPx) | Date | July 31, 2014 |
|---|---|---|---|
| Title | Dennis Rutherford, et al. v. PaloVerde Health Care District, et al., | | |

Plaintiffs seek millions of dollars in damages for back pay, front pay, relocation expenses, and all other special damages according to proof, and general damages to compensate them for "emotional distress, pain and suffering, loss of reputation and loss of enjoyment of life." Third Amended Complaint ("TAC"), Prayer for Relief ¶¶ 2, 3. Plaintiffs also seek damages related to their deprivation of liberty interest claim under 42 U.S.C. § 1983. Specifically, plaintiffs allege that each has "suffered . . . significant economic loss in the form of lost wages and future earnings, and the ability to locate a new position all to his economic detriment, and general damages in an amount to be proven at trial." TAC ¶ 192.

On November 18, 2013, PVHD served plaintiffs Klune and Rutherford with Requests for Production of Documents. Plaintiffs served responses on January 2, 2014 and supplemented those responses on January 30, 2014. JS at 1. Plaintiffs' responses were the subject of a previous motion to compel brought by defendants, which resulted in the court's ordering parties to meet and confer further. The parties did meet and confer further in May of 2014, but were unable to resolve the issues surrounding Request Numbers 69 and 74. These requests and plaintiffs' responses are as follows:

**Request No. 69 (Klune) and Request No. 74 (Rutherford):**
Any and all DOCUMENTS which refer or relate to YOUR earnings from any source from 1995 to present.

**Response to Request No. 69 (Klune) and Request No. 70 (Rutherford)**
Objection, this request is compound, overbroad, oppressive, and harassing, and fails to set forth with particularity the documents sought. It also unnecessarily and impermissibly invades responding party's right to privacy, and is not reasonably calculated to lead to the discovery of admissible evidence relevant to any claim or defense.

The above objections notwithstanding, plaintiffs have produced and defendants are in possession of plaintiffs' employment earnings records since 2009. JS at 3, 4, 11.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV13-1247-JAK (SPx) | Date | July 31, 2014 |
|---|---|---|---|
| Title | Dennis Rutherford, et al. v. PaloVerde Health Care District, et al., | | |

## DISCUSSION

Federal Rule of Civil Procedure 26(b) provides that parties may obtain discovery regarding any matter that is not privileged and is relevant to the claim or defense of any party involved in the pending action. Fed. R. Civ. P. 26(b)(1). The information sought need not be admissible at trial as long as it appears reasonably calculated to lead to the discovery of admissible evidence. *Id.* A "relevant matter" under Rule 26(b)(1) is any matter that "bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L. Ed. 2d 253 (1978). Relevancy should be "construed 'liberally and with common sense' and discovery should be allowed unless the information sought has no conceivable bearing on the case." *Soto v. City of Concord*, 162 F.R.D. 603, 610 (N.D. Cal. 1995) (*quoting Miller v. Pancucci*, 141 F.R.D. 292, 296 (C.D. Cal. 1992)). The party seeking to compel discovery bears the burden of showing that the request satisfies Rule 26's relevance requirement. *Kelly v. City of San Jose*, 114 F.R.D. 653, 667 (N.D. Cal. 1987).

Defendants assert that because plaintiffs have "placed their income, earnings, [and] employability" at issue, plaintiffs' "past history of income and other sources of income since separating from PVHD is discoverable." JS at 10. "Plaintiffs cannot assert they have economic losses of more than $10 million and refuse to produce documents that evidence their income and revenue history[.]" *Id.*

In response, plaintiffs assert several objections, including overbreadth and "a right to financial privacy as to unrelated passive income" JS at 3, 5.

Defendants note that they agree to limit the requests to the time period of 2000 to the present – nine years before plaintiffs became employed by PVHD and one and a half years since plaintiffs' separation from PVHD. JS at 3, 5. Plaintiffs reject that concession, arguing that their passive income from years before or while they were employed with PVHD (through 2013) is irrelevant to damages. JS at 5, 14.

The court agrees with defendants that plaintiffs' finances – not limited to employment income – are relevant to the claims and defenses in this case. But the time frame that defendants seek, 2000 to present, is overbroad. Responsive documents from January 1, 2008 through the present should be adequate to provide defendants with a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV13-1247-JAK (SPx) | Date | July 31, 2014 |
|---|---|---|---|
| Title | Dennis Rutherford, et al. v. PaloVerde Health Care District, et al., | | |

picture of plaintiffs' finances as they relate to this case.

In terms of plaintiffs' privacy concerns, there is no question that documents related to personal financial holdings and dealings contain private information. But it is equally clear that the information defendants seek here is relevant and that the privacy concerns may be address by the protective order in this case (docket no. 185).

## **CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED:

Defendants' Motion to Compel Plaintiffs Klune and Rutherford to Further Respond to Written Discovery (docket no. 209) is GRANTED IN PART in that, on or before August 29, 2014, plaintiffs shall serve supplemental responses and produce all documents responsive to RFPs 69 and 74 limited to the time period of January 1, 2008 through the present.