UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV13-1247-JAK (SPx) | Date | November 14, 2014 |
|---|---|---|---|
| Title | Dennis Rutherford, et al. v. PaloVerde Health Care District, et al., | | |

| Present: The Honorable | SHERI PYM, United States Magistrate Judge |
|---|---|

| Kimberly I. Carter | None |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   (In Chambers) Order Granting in Part Motion to Compel Defendants Burton and Sartin to Appear for Deposition in Excess of Seven Hours [277]

   On October 13, 2014, plaintiffs filed a motion to compel defendants Samuel Burton and Trina Sartin to appear for depositions in excess of seven hours (docket no. 277). At this point plaintiffs have deposed each of these defendants for seven hours or a bit more, and seek five more hours of deposition time with each. Defendants oppose the motion, contending plaintiffs have had sufficient time with each defendant.

   The parties have fully briefed the motion to compel, including submitting a Joint Stipulation ("JS"), supporting declarations and exhibits, and supplemental papers. The court has considered the papers submitted by the parties, and finds that a hearing on the motion is not necessary. The court previously took the hearing off calendar.

   For the reasons that follow, the court grants in part plaintiffs' motion to compel.

## BACKGROUND

   Plaintiffs Peter Klune, Dennis Rutherford, and Tara Barth are former executive employees of defendant Palo Verde Health Care District ("PVHD"). PVHD operates Palo Verde Hospital in Blythe, California. Plaintiffs filed lawsuits (which are now consolidated) in July 2013 alleging they were wrongfully terminated in January and February 2013 in response to their work in exposing or pursuing prosecution of an illegal kickback scheme at the hospital. Plaintiffs' claims include claims under the federal False

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV13-1247-JAK (SPx) | Date | November 14, 2014 |
|---|---|---|---|
| Title | Dennis Rutherford, et al. v. PaloVerde Health Care District, et al., | | |

Claims Act, for breach of their employment contracts, and for retaliatory termination and retaliation.

Defendants Samuel Burton and Trina Sartin are members of the PVHD Board of Directors. Defendant Burton has served on the Board since December 2010, and defendant Sartin has served on the Board since December 2012. Defendant Sartin is also a co-owner of Desert Air Ambulance, the use of which by Palo Verde Hospital is one of the underlying issues in this case.

Plaintiffs deposed defendant Burton for something over seven hours on September 18, 2014. Plaintiffs deposed defendant Sartin for some seven hours on October 14, 2014. At the conclusion of both depositions, plaintiffs' counsel indicated he had additional questions to ask, and defendants' counsel opposed any further time for these depositions.

## **DISCUSSION**

"Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." Fed. R. Civ. P. 30(d)(1). The parties have not stipulated to exceed this limit; instead, plaintiffs seek an order of this court to exceed that limit. "The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." *Id.*

As a preliminary matter, the court notes that defendants object to allowing plaintiffs additional time to depose them because defendants have asserted a qualified immunity defense. *See* JS at 24-25. The cases defendants cite generally state that the court has the option to stay discovery until the qualified immunity defense is resolved. But that has not happened here. Given that discovery has proceeded, there is no logical reason to limit a particular party's deposition time simply because that party has asserted a qualified immunity defense, and the authority defendants cite does not suggest otherwise.

Plaintiffs seek what amounts to a full twelve hours each to depose defendants Burton and Sartin, noting that, in a January 22, 2014 order on a motion opposed by plaintiffs, the court granted defendants that much time to depose each of the plaintiffs.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV13-1247-JAK (SPx) | Date | November 14, 2014 |
|---|---|---|---|
| Title | Dennis Rutherford, et al. v. PaloVerde Health Care District, et al., | | |

The court notes that it also granted defendants an addition 90 minutes to depose plaintiff Klune to again ask him questions he had previously refused to answer. That defendants were given additional time to depose plaintiffs is certainly a relevant consideration, but it is not determinative of whether plaintiffs need additional time to fairly depose these defendants.

In deciding this issue, the court first considers the nature of this case, including the allegations in the Third Amended Complaint, the complexity of the claims and issues, and the thousands of pages of documents produced. These considerations suggest that, for significant parties or substantial witnesses in this case, additional deposition time may be appropriate.

At the same time, the court considers that, as defendants point out, they are in a different situation than plaintiffs. In particular, plaintiffs were executives at PVHD with extensive knowledge about the workings of PVHD and the investigation of wrongdoing they claim led to their terminations. As Board members, defendants Burton and Sartin would not have the same knowledge. But they are not so ignorant of relevant matters as defendants contend. Although defendant Burton is and was only a Board member, he served on the Board for a full two years leading up to plaintiffs' terminations. And although defendant Sartin was only a Board member for a couple months leading up to the terminations, this was a critical period. More importantly, as an owner of Desert Air Ambulance that is at the heart of plaintiffs' allegations of wrongdoing, defendant Sartin's relevant knowledge goes far beyond her role as a PVHD Board member.

Defendants Burton and Sartin also contend that since they are named in only one claim in the operative complaint, their relevant testimony is necessarily limited. This does not follow. It is their roles on the PVHD Board and defendant Sartin's additional role as a Desert Air Ambulance co-owner that determines the number of matters on which they may have relevant testimony to give.

The court also considers the topics not yet covered in the depositions. Plaintiffs maintain they need more time with defendant Burton to ask him about PVHD Board meeting minutes not covered in the first day of deposition, and about documents related to plaintiffs' job performances and PVHD's financial condition. It is less clear what topics plaintiffs still seek to cover with defendant Sartin, likely because her deposition had not yet commenced when this motion was filed. Nonetheless, from the conclusion of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV13-1247-JAK (SPx) | Date | November 14, 2014 |
|---|---|---|---|
| Title | Dennis Rutherford, et al. v. PaloVerde Health Care District, et al., | | |

her first day of deposition and plaintiffs' counsel's supplemental declaration, it appears that plaintiffs seek to ask her additional questions regarding board meetings and other matters partially covered.

Finally, the court considers the parties' use of time at the depositions to date. Both sides accuse each other of wasting time, and the court agrees with both sides in part. For example, from the court's partial review of defendant Burton's deposition, it appears that defense counsel made numerous speaking objections that obstructed the examination and verged on coaching the witness, and also gave some questionable instructions not to answer. At the same time, plaintiffs' counsel did not appear to focus as quickly as he might have on the more important questions in this case. Defendants argue that plaintiffs' counsel wasted time at defendant Sartin's deposition asking questions about Dr. Sahlolbei's pending criminal matter, given that the court previously struck allegations regarding the criminal case pending against Dr. Sahlolbei, finding that case does not bear on the claims in this case. *See* docket no. 180 at 23. But although that criminal case has been excluded, that does not mean that inquiries concerning the underlying misconduct alleged are not reasonably calculated to lead to the discovery of admissible evidence.

Considering all of these factors, the court concludes that more time is warranted to depose defendants, but not as much time as plaintiffs seek. In particular, the court finds that plaintiffs will have sufficient time to fairly depose defendants if they are granted an additional two hours to depose defendant Burton and an additional four hours to depose defendant Sartin.

Plaintiffs request sanctions. Rule 37(a)(5) provides that the prevailing party on a discovery motion is entitled to an award of its reasonable expenses incurred in bringing or opposing the motion, including attorney's fees, except no payment should be ordered if: (1) the motion was filed before the moving party made a good faith effort to resolve the dispute; (2) the losing party's position was substantially justified; or (3) other circumstances make award of expenses unjust. Fed. R. Civ. P. 37(a)(5). Plaintiffs are the prevailing party here; however, defendants' position was substantially justified as reflected by the fact that the court has not granted plaintiffs all of the additional deposition time they seek. Although this is another matter that the parties should have been able to resolve without significant hardship to either side, sanctions are not warranted here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV13-1247-JAK (SPx) | Date | November 14, 2014 |
|---|---|---|---|
| Title | Dennis Rutherford, et al. v. PaloVerde Health Care District, et al., | | |

## **CONCLUSION**

Based on the foregoing, IT IS THEREFORE ORDERED that Plaintiffs' Motion to Compel Defendants Samuel Burton and Trina Sartin to Appear for Depositions in Excess of Seven Hours (docket no. 277) is GRANTED IN PART as set forth above and as follows:

1. The deposition of defendant Samuel Burton shall be reconvened for an additional two hours of testimony; and

2. The deposition of defendant Trina Sartin shall be reconvened for an additional four hours of testimony.