1  Maria C. Roberts, SBN 137907
   mroberts@sgrlawfirm.com
2  Alison P. Adema, SBN 149285
   aadema@sgrlawfirm.com
3  Ryan Blackstone-Gardner, SBN 208816
   rbg@sgrlawfirm.com
4  SWEENEY GREENE & ROBERTS
   401 West A Street, Suite 1675
5  San Diego, CA 92101
   Telephone:  (619) 398-3400
6  Facsimile:   (619) 330-4907

7  Attorneys for Defendant Palo Verde Healthcare District

8

9              UNITED STATES DISTRICT COURT

10         CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE

11  DENNIS RUTHERFORD, an           Case No. EDCV13-01247 JAK (SPx)
    individual; PETER KLUNE, an     [Consolidated with Case Nos.
12  individual, and TARA BARTH, an  EDCV13-01249 JAK (SPx) and
    individual,                     EDCV13-01250 JAK (SPx)]
13
                 Plaintiffs,        Judge:  Hon. John A. Kronstadt
14                                  Magistrate Judge:  Hon. Sheri Pym
          vs.                       Action Date:  July 16, 2013
15
                                    Discovery Cutoff:      January 2, 2015
16  PALO VERDE HEALTH CARE          Pretrial Conference:   April 6, 2015
    DISTRICT, a public entity; TRINA Trial Date:           April 21, 2015
17  SARTIN, an individual; SANDRA
    HUDSON, an individual; and DOES 1- **DEFENDANT PALO VERDE
18  50, inclusive,                  HEALTHCARE DISTRICT'S
                                    MEMORANDUM OF CONTENTIONS
19               Defendants.        OF FACT AND LAW**

20

21

22

23

24

25

26

27

28

## <u>TABLE OF CONTENTS</u>

I.    CLAIMS AND DEFENSES ................................................................ 1

   A.   Summary Statement of Plaintiffs KLUNE and
        RUTHERFORD's Remaining Claims ...................................... 1

        1.   First Cause of Action/Claim for Relief: ..................................... 1

        2.   Third Cause of Action/Claim for Relief: .................................... 1

             a)   The Federal False Claims Act; ....................................... 1

             b)   The California False Claims Act; ................................... 1

             c)   EMTALA, 42 U.S.C. § 1395dd(a) - (c); 42
                  C.F.R. §§489.24(a)(1)-(e); ........................................... 1

             d)   Alleged conflict of interest violations, Gov.
                  Code § 1090, §§8100-91014. ........................................ 1

        3.   Fourth Cause of Action/Claim for Relief: ................................. 2

II.   ELEMENTS REQUIRED TO ESTABLISH PLAINTIFFS'
      CLAIMS ............................................................................................ 2

   A.   Claims 1 and 3: Federal False Claims Act (31 U.S.C.
        §3730(h)) and California False Claims Act (Cal. Gov.
        Code §12653(a)) ...................................................................... 2

   B.   Claim 2:  Labor Code Section 1102.5 .................................... 4

III.  KEY EVIDENCE IN OPPOSITION TO PLAINTIFFS' CLAIMS ............. 5

   A.   Klune's Claims 1 and 3: Retaliation for engaging in
        protected activity under the FFCA/CFCA. .......................... 5

        1.   KLUNE was employed by PVHD. ........................................... 5

        2.   KLUNE allegedly engaged in "protected activity"
             recognized by the Federal and California False
             Claims Acts. ........................................................................... 5

             a)   Evidence to Show Investigation of Alleged
                  Upcoding Is Not Protected Activity ................................. 5

3.  KLUNE allegedly acted in furtherance of a false claims action or to stop a false claim. ....................................... 6

4.  PVHD did not know KLUNE engaged in protected activity. ................................................................................... 6

5.  PVHD did not subject KLUNE to adverse employment action. .......................................................... 7

6.  PVHD's decision to terminate KLUNE was based on legitimate non-retaliatory reasons. ............................................. 7

7.  KLUNE's Claim for Damages. .................................................. 8

B.  Klune Claim 3:  Retaliation in Violation of Cal. Lab. Code 1102.5(b). ......................................................................... 9

2.  PVHD did not subject KLUNE to adverse employment action for such disclosures. ................................ 10

3.  There was no causal link between the "protected activity" and PVHD's decision to discharge Klune. ............... 10

C.  RUTHERFORD's Claims 1 and 3:  Retaliation for Engaging in Protected Activity under the FFCA/CFCA .................. 10

1.  Rutherford was employed by PVHD. ..................................... 10

2.  RUTHERFORD allegedly acted in furtherance of a false claims action or to stop a false claim. ............................. 10

3.  PVHD did not know RUTHERFORD engaged in protected activity. .................................................................... 11

4.  PVHD did not subject Rutherford to adverse employment action. ................................................................ 11

5.  PVHD's decision to not renew RUTHERFORD's contract was based on legitimate non-retaliatory reasons. ......................................................................... 11

6.  RUTHERFORD's Claim for Damages. ................................... 12

D.  Rutherford Claim 2:  Retaliation in Violation of Cal. Lab. Code 1102.5(b). .............................................................. 13

1.    Rutherford's allegations he engaged in protected activity by disclosing to a government agency that PVHD violated state or federal law.......................................... 13

2.    PVHD did not subject Rutherford to adverse employment action. .................................................. 14

3.    There was no causal link between any alleged "protected activity" and PVHD's decision to discharge RUTHERFORD. ....................................... 14

IV.   PVHD'S AFFIRMATIVE DEFENSES AND ELEMENTS REQUIRED TO ESTABLISH AND KEY EVIDENCE IN SUPPORT OF AFFIRMATIVE DEFENSES ............................. 14

V.    THIRD-PARTIES ........................................................ 17

VI.   ANTICIPATED EVIDENTIARY ISSUES............................ 18

1.    Motion in limine to preclude Plaintiffs from presenting evidence of equitable remedies at jury trial and any evidence of front pay......................... 18

2.    Motion in limine to preclude Plaintiffs from presenting the opinions of Plaintiffs' economist Brian Brinig. ............................................................. 18

3.    Motion in limine to exclude evidence of emotional distress. .................................................................. 18

4.    Motion in limine to exclude evidence of criminal arrests, proceedings and administrative actions. ..................... 18

5.    Motion in limine to exclude witnesses and evidence not produced in response to PVHD's written discovery and which were not disclosed or timely disclosed with Plaintiffs' Rule 26 disclosures. ...................... 18

6.    Motion in limine to exclude evidence of allegations and claims that have been stricken or dismissed.................... 18

7.    Motion in limine to exclude improper opinion testimony from PVHD attorneys............................................ 18

DEFENDANT PALO VERDE HEALTHCARE DISTRICT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
CASE NO. EDCV13-01249 JAK (SPx)

8.      Motion in limine to exclude improper testimony
        from physicians. ................................................................. 18

9.      Motion in limine to exclude opinion testimony from
        Michael Murphy. ............................................................... 18

10.     Motion in limine to exclude testimony from former
        PVHD Board members, including Catalina McClain
        and Beatrice Pinon................................................................ 18

11.     Motion in limine to exclude irrelevant and
        prejudicial evidence of personal financial
        information of Trina Sartin and documentation from
        her third-party transport companies Desert Air
        Ambulance, Inc. and Desert Critical Care Transport,
        Inc. ..................................................................................... 18

VII.    ANTICIPATED ISSUES OF LAW                                            19

        A.     KLUNE's Breach of Contract Damages is an Issue of Law
               for the Court.......................................................................... 19

        B.     Prejudgment Interest. ............................................................ 19

        C.     Mitigation of Damages ......................................................... 19

        D.     Damages Under FFCA/CFCA Must Be Determined by
               Court as Equitable Issues..................................................... 20

        E.     Whether Klune and Rutherford May Recover Front Pay.................. 20

        F.     Double Back Pay Is Not Properly be Recoverable Against a
               Public Entity. ..................................................................... 21

VIII.   BIFURCATION ISSUES ............................................................. 21

IX.     JURY TRIAL ................................................................................ 22

X.      ATTORNEYS' FEES (L.R. 16-4.5)............................................. 22

        A.     Defendant's Attorneys' Fees ............................................... 22

        B.     Plaintiffs' Attorneys' Fees.................................................. 23

XI.     ABANDONMENT OF ISSUES (L.R. 16-4.6)............................ 23

iv

# TABLE OF AUTHORITIES

**Cases**

*Brooks v. Capistrano Unified Sch. Dist.*
  2014 WL 794581 (C.D.Cal. Feb. 20, 2014) ........................................................... 3

*Campbell v. Hagel*
  536 F.App'x 733 (9th Cir. 2013) ........................................................................... 2

*Caudle v. Bristow Optical Co., Inc.*
  224 F.3d 1014 (9th Cir. 2000) ............................................................................. 20

*Cohen v. Fred Meyer, Inc.*
  686 F.2d 793 (9th Cir. 1982) ............................................................................ 3, 4

*Donlin v. Philips Lighting N. Am. Corp.*
  581 F.3d 73 (3d Cir.2009) ................................................................................... 20

*Dotson v. Pfizer, Inc.*
  558 F.3d 284 (4th Cir. 2009) ............................................................................... 20

*Dowell v. Contra Costa County*
  928 F.Supp.2d 1137 (N.D. Cal. 2013) .................................................................. 4

*Gross v. FBL Financial Services, Inc.*
  557 U.S. 167 (2009) ............................................................................................. 3

*Hall v. Wright*
  240 F.2d 787 (9th Cir. 1957) ............................................................................... 17

*Kaye v. Bd. of Trustees of San Diego Cnty. Pub. Law Library*
  179 Cal.App.4th 48 (2009) ................................................................................... 3

*Kendall-Jackson Winery, Ltd. v. Superior Court*
  76 Cal.App.4th 970 (1999) ................................................................................. 17

*Love v. Motion Indus., Inc.*
  309 F.Supp.2d 1128 (N.D. Cal.2004) ................................................................... 4

*Lutz v. Glendale Union High Sch.*
  403 F.3d 1061 (9th Cir. 2005) ............................................................................. 20

*McKennon v. Nashville Banner Publ'g Co.*
  513 U.S. 352 (1995) ........................................................................................... 14

*Morgan v. Regents of Univ. of Cal.*
  88 Cal.App.4th 52 (2000) ........................................................................... 4

*O'Day v. McDonnell Douglas Helicopter Co.*
  79 F.3d 756 (9th Cir. 1996) .................................................................... 14

*Parsons v. Bristol Development Co.*
  62 Cal.2d 861 (1965) .............................................................................. 19

*Patten v. Grant Joint Union H.S. District*
  134 Cal.App.4th 1378 (2005) ................................................................ 4

*Pollard v. E.I. du Pont de Nemours & Co.*
  532 U.S. 843 (2001) ............................................................................... 21

*Raad v. Fairbanks N. Star Borough Sch. Dist.*
  323 F.3d 1185 (9th Cir. 2003) ................................................................ 3

*Reed v. Avis Budget Grp., Inc.*
  472 Fed.Appx. 525 (9th Cir. 2012) ....................................................... 3

*Robinson v. Cnty. of San Joaquin*
  2015 WL 471793 (E.D. Cal. Feb. 4, 2015) .......................................... 2

*Ryan v. Raytheon Data Sys. Co.*
  601 F.Supp. 243 (D. Mass. 1984) .......................................................... 8

*Sorenson v. Mink*
  239 F.3d 1140 (2001) ............................................................................. 23

*Thomas v. City of Beaverton*
  379 F.3d 802 (9th Cir.2004) ................................................................... 3

*Traxler v. Multnomah County*
  596 F.3d 1007 (9th Cir. 2010) ................................................. 20, 21, 22

*U.S. ex rel. Lockyer v. Hawaii Pac. Health Grp.*
  *Plan for Employees of Hawaii Pac. Health*
  343 F.App'x 279 (9th Cir. 2009) ........................................................... 3

*U.S. ex rel. Schweizer v. Oce N. Am.*
  956 F.Supp.2d 1 (D.D.C. 2013) ............................................................. 3

*Uche-Uwakwe v. Shinseki*
  972 F.Supp.2d 1159 (C.D. Cal. 2013) ................................................... 2

*United States v. Prabhu*
  442 F.Supp.2d 1008 (D.C.Nev. 2006) ........................................................ 5

*Univ. of Tex. Sw. Med. Ctr. v. Nassar*
  —— U.S. ——, 133 S.Ct. 2517 (2013) ...................................................... 3

**Statutes**

29 U.S.C. § 2617 (a)(1)(A)(i)(I) ................................................................. 22

31 U.S.C. § 3729 ...................................................................................... 3

31 U.S.C. § 3730(h) .................................................................................. 2

31 U.S.C. § 3730(h)(1) ........................................................................ 1, 2

42 C.F.R. § 489.24(a)(1)-(e) ..................................................................... 1

42 U.S.C. § 1320a-7(b)(1)(B) ............................................................... 1, 2

42 U.S.C. § 1395dd(a)–(c) ......................................................................... 1

Government Code § 1090 .................................................................. 1, 9, 10

Government Code § 12653(a) ...................................................................... 2

Government Code § 53260 ................................................................... 8, 19

Government Code § 81000-91014 ....................................................... 1, 9, 10

Health & Safety Code § 32121.5 ......................................................... 9, 13

Labor Code § 1102.5 ......................................................................... 15, 22

Labor Code § 1102.5(b) ............................................................... 1, 4, 9, 13

Labor Code § 3600 ................................................................................. 17

Penal Code § 487(a) ................................................................................. 9

**Other Authorities**

9th Cir. 10.5C ................................................................................................ 14

**Rules**

Federal Rule of Civil Procedure 16 .................................................................. 1

Local Rule 16-4 ................................................................................................ 1

Pursuant to Federal Rule of Civil Procedure 16, Central District of California Local Rule 16-4, and this Court's Pretrial Order, Defendant Palo Verde Healthcare District ("PVHD") respectfully submits this Memorandum of Contentions of Fact and Law.

## I.

## CLAIMS AND DEFENSES

**A.    Summary Statement of Plaintiffs KLUNE and RUTHERFORD's Remaining Claims:**

Based on the Fourth Amended Complaint and the Court's orders to date, Plaintiffs KLUNE and RUTHERFORD plan to pursue the following claims:

**1.    First Cause of Action/Claim for Relief:**

Retaliation in violation of the Federal False Claims Act, U.S.C. § 3730(h)(1) against PVHD based on KLUNE and RUTHERFORD's claimed investigation and reporting of the following alleged acts:

a)    Patient transfers by Desert Air which they alleged were not medically necessary; and,

b)    A contract between Dr. Brad Barth and Pars Surgery (Dr. Sahlolbei) which is claimed to have violated the Anti-Kickback Act, 42 U.S.C. §1320a-7(b)(1)(B).

**2.    Third Cause of Action/Claim for Relief:**

Retaliation in violation of California Labor Code section 1102.5(b) against PVHD based on KLUNE and RUTHERFORD's claimed investigation and reporting of violations of the following state and federal statutes:

a)    The Federal False Claims Act;

b)    The California False Claims Act;

c)    EMTALA, 42 U.S.C. § 1395dd(a) - (c); 42 C.F.R. §§489.24(a)(1)-(e);

d)    Alleged conflict of interest violations, Gov. Code § 1090, §§8100-91014.

/ / /

**3.     Fourth Cause of Action/Claim for Relief**:

Retaliation in violation of the California False Claims Act, Cal. Gov. Code § 12653(a) against PVHD based on KLUNE and RUTHERFORD's claimed investigation and reporting of the following alleged acts:

a)     Patient transfers by Desert Air which they alleged were not medically necessary; and,

b)     A contract between Dr. Brad Barth and Pars Surgery (Dr. Sahlolbei) which is claimed to have violated the Anti-Kickback Act, 42 U.S.C. §1320a-7(b)(1)(B).

## II.

## ELEMENTS REQUIRED TO ESTABLISH PLAINTIFFS' CLAIMS

**A.     Claims 1 and 3: Federal False Claims Act (31 U.S.C. §3730(h)) and California False Claims Act (Cal. Gov. Code §12653(a))**

In order for Plaintiffs to prove retaliation under both the Federal and California False Claims Acts, they must prove by a preponderance of the evidence that:

(1)  They engaged in protected activity by investigation and reporting a false claim under federal or state law;

(2) The members of the PVHD Board who voted to end their employment knew they were engaging in such protected activity;

(3) PVHD thereafter subjected Plaintiffs to adverse employment action; and

(4) But-for[1] Plaintiffs' engaging in protected activity, PVHD would not have taken the adverse employment action against Plaintiffs. *See, e.g., U.S. ex rel Hopper*

---

[1] The *Nassar* "but-for" test has been applied in the 9th Circuit to statutory retaliation claims analogous to the FCA and CFCA language that the plaintiffs prove adverse employment action "because of" protected activity.  *Uche-Uwakwe v. Shinseki*, 972 F.Supp.2d 1159, 1179 (C.D. Cal. 2013) (applying *Nassar* "but for" standard under Title VII); *Campbell v. Hagel*, 536 F.App'x 733, 734 (9th Cir. 2013) (applying "but for" standard in upholding summary judgment for defendant's on Title VII retaliation claim); *Robinson v. Cnty. of San Joaquin*, 2015 WL 471793, at *13 (E.D. Cal. Feb. 4, 2015), citing *Campbell* and *Nassar* ( "Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action").

DEFENDANT PALO VERDE HEATLHCARE DISTRICT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
CASE NO. EDCV13-01247 JAK (SPx)

1   *v. Anton*, 91 F.3d 1261, 1269 (9th Cir. 1996); McVeigh v. Recology San Francisco,

2   213 Cal.App.4th 443, 455-56 (2013); *U.S. ex rel. Schweizer v. Oce N. Am.*, 956

3   F.Supp.2d 1, 13-14 (D.D.C. 2013)(To succeed on FCA retaliation claim, plaintiff

4   must prove the retaliation for protected activities was a 'but-for' cause of the adverse

5   action), *citing Univ. of Tex. Sw. Med. Ctr. v. Nassar*, —— U.S. ——, 133 S.Ct. 2517,

6   2526-2529 (2013) (Title VII's prohibition of retaliation against employees "because"

7   they engaged in protected activities precludes mixed-motive claims and plaintiff has

8   burden to establish protected activity was "but-for" cause of the employer's adverse

9   action under that statute; *Gross v. FBL Financial Services, Inc.*, 557 U.S. 167, 129

10   S.Ct. 2343 (2009) (same under ADEA); *Kaye v. Bd. of Trustees of San Diego Cnty.*

11   *Pub. Law Library*, 179 Cal.App.4th 48, 59-60 (2009) (CFCA is patterned on 31

12   U.S.C. § 3729 *et seq*. and cases interpreting FFCA guide CFCA interpretation).

13        If the PVHD Board members who voted to end Plaintiffs' employment did not

14   have knowledge of Plaintiffs' alleged protected activity, there can be no retaliation for

15   engaging in that activity.  *See U.S. ex rel. Lockyer v. Hawaii Pac. Health Grp. Plan*

16   *for Employees of Hawaii Pac. Health*, 343 F.App'x 279, 281 (9th Cir. 2009)

17   (Defendant's knowledge that plaintiff engaged in protected activity is necessary to

18   support liability under the FCA's retaliation provision); *Reed v. Avis Budget Grp.,*

19   *Inc.*, 472 Fed.Appx. 525, 526 (9th Cir. 2012); *Thomas v. City of Beaverton*, 379 F.3d

20   802, 812 n. 4 (9th Cir.2004) ("The employer's awareness of the protected activity is

21   also important in establishing a causal link."); *Raad v. Fairbanks N. Star Borough*

22   *Sch. Dist.*, 323 F.3d 1185, 1197 (9th Cir. 2003) ("[T]he plaintiff must make some

23   showing sufficient for a reasonable trier of fact to infer that the defendant was aware

24   that the plaintiff had engaged in protected activity."); *Cohen v. Fred Meyer, Inc.*, 686

25   F.2d 793, 796 (9th Cir. 1982) (Essential to causal link is evidence that employer was

26   aware that plaintiff engaged in the protected activity); *Brooks v. Capistrano Unified*

27   *Sch. Dist.*, No. SACV 12-01934-JLS, 2014 WL 794581 (C.D.Cal. Feb. 20, 2014).

28

DEFENDANT PALO VERDE HEATHCARE DISTRICT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
CASE NO. EDCV13-01247 JAK (SPx)

**B.**     <u>Claim 2:  Labor Code Section 1102.5</u>

In order for KLUNE or RUTHERFORD to prove their claim for retaliation under Labor Code section 1102.5(b), Plaintiffs must prove by a preponderance of the evidence the following elements:

(1) Plaintiffs engaged in a protected activity by disclosing to a state or federal agency that PVHD violated State or Federal law;

(2) Plaintiffs were thereafter subject to adverse employment action by PVHD for such disclosures;

(3) There was a causal link between the "protected activity" and adverse employment action. *Patten v. Grant Joint Union H.S. District*, 134 Cal.App.4th 1378, 1384 (2005); *Morgan v. Regents of Univ. of Cal.*, 88 Cal.App.4th 52, 69 (2000); *Love v. Motion Indus., Inc*., 309 F.Supp.2d 1128, 1134 (N.D. Cal. 2004).

Essential to the causal link under section 1102.5 is evidence that the employer (here the Board members who voted to take adverse employment action against Plaintiffs) was aware that the plaintiff engaged in the protected activity.  *Morgan v. Regents of University of Cal.*, *supra,* 88 Cal.App.4th at 70, *quoting Cohen v. Fred Meyer, Inc.* 686 F.2d 793, 796 (9th Cir. 1982); *Dowell v. Contra Costa County*, 928 F.Supp.2d 1137, 1156 (N.D. Cal. 2013), citing *Morgan, supra*, 88 Cal.App.4th at 70.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

# III.

## KEY EVIDENCE IN OPPOSITION TO PLAINTIFFS' CLAIMS

The following is a brief description of PVHD's key evidence in opposition to each of Plaintiffs' claims:

**A.**   **Klune's Claims 1 and 3: Retaliation for engaging in protected activity under the FFCA/CFCA.**

PVHD intends to produce the following evidence in opposition to Klune's first and third claims for retaliation under the federal and California false claims acts:

**1.**   **KLUNE was employed by PVHD.**

This element is not in dispute.

**2.**   **KLUNE allegedly engaged in "protected activity" recognized by the Federal and California False Claims Acts.**

a)   Evidence to Show Investigation of Alleged Upcoding Is Not Protected Activity

KLUNE knew or should have known that the alleged upcoding was not a false claim and therefore did not have a reasonable belief, because, *inter alia*:

- KLUNE knew PVHD did not bill or pay for patient transportation;

- PVHD did not knowingly submit a false claim for reimbursement from Medicare or Medi-Cal.

- KLUNE has no evidence that Desert Air ever submitted a false claim to Medicare or Medi-Cal;

- KLUNE has no objectively verifiable admissible evidence at odds with exercise of clinical judgment to transport by fixed wing aircraft[2].

/ / /

---

[2] *See United States v. Prabhu*, 442 F.Supp.2d 1008, 1032-1034 (D.C.Nev. 2006)(holding medical necessity disputes do not support FCA violations due to the lack of scienter of the certifying physician).

b)   Evidence Showing Contract Between Drs. Barth/Sahlolbei Was Not an Unlawful Kickback.

- Dr. Barth's contract was approved by PVHD's Board of Directors in 2009, after PVHD had a compensation survey and KLUNE was aware of the survey and was present when the PVHD Board approved the contract.

- In 2009, PVHD entered into a written agreement with Dr. Bradley Barth to provide the exclusive provision of anesthesia services to PVHD.  Details of this agreement with Dr. Barth shows it did not violate Anti-Kickback law.

- KLUNE had no reasonable belief that the contract between the doctors violated the Anti-Kickback laws, as there is no remuneration;

- KLUNE had no reasonable belief that he was investigating a violation of the Anti-Kickback or law, as PVHD did not knowingly violate the law;

**3.      KLUNE allegedly acted in furtherance of a false claims action or to stop a false claim.**

This element is disputed as KLUNE cannot show he engaged in a "protected activity."

**4.      PVHD did not know KLUNE engaged in protected activity.**

This element is disputed because KLUNE cannot prove he engaged in protected activity or that the PVHD Board members who voted to take adverse employment action against him had actual knowledge he engaged in a "protected activity."

a)      KLUNE did not advise PVHD Board that he had investigated and reported claimed violations of law related to alleged "upcoding" in patient transport and/or the agreement between Drs. Barth/Sahlolbei.

b)      The members of the PVHD Board who voted to take adverse employment action against KLUNE, did not know that KLUNE had investigated and reported claimed violations of law related to alleged "upcoding" in patient transports and/or the agreement between Drs. Barth/Sahlolbei.

/ / /

**5.    PVHD did not subject KLUNE to adverse employment action.**

a)    PVHD disputes this element because PVHD had legitimate non-retaliatory reasons for ending KLUNE's contract which do not constitute an adverse employment action.

**6.    PVHD's decision to terminate KLUNE was based on legitimate non-retaliatory reasons.**

a)    KLUNE was contractually responsible for the overall operations and all actions concerning the management, operations, and of Palo Verde Hospital.

b)    The PVHD Board was advised for the first time that the Hospital was in dire a financial state based on financial reports presented at the January 16 and 22, 2013 Board meetings, which financial crisis occurred exclusively under the management and leadership of KLUNE as the CEO and RUTHERFORD as the CFO.

c)    KLUNE and RUTHERFORD identified no measures that had been taken to reduce costs or increase revenue despite knowing of problems that had been building for more than a year.  KLUNE and RUTHERFORD also presented no strategy or plan or specific steps to take to address the Hospital's finances.

d)    The cost of KLUNE's salary, deferred compensation and benefits, which exceeded $500,000 annually, was not sustainable given the finances of PVHD.

e)    Instead of taking steps to save costs and increase revenue in 2012, KLUNE recklessly performed his responsibilities, including by:

- Recommending executive and employee raises/bonuses of $450,000;

- Incurring more than $500,000 in attorney fees related to hiring 8 law firms regarding issues involving Dr. Sahlolbei;

- Failing to appeal notices requiring repayment of more than $2.3 million from the State of California in April and May of 2012;

- Bringing Medi-Cal billing in-house without training employees which resulted in that billing not being done; and,

- Overstaffing the Hospital and continuing to hire regular and contract employees without regard to the significant decrease in revenue and patients being seen and patient services being provided.

f)   KLUNE's failures and malfeasance extended beyond finances to numerous quality of care issues and non-compliance with state and federal regulations that resulted in numerous citations by the state and federal authorities, the near loss of PVHD's deemed status, the expenditure of thousands of man hours and thousands of dollars to take necessary corrective action, patient complaints, community upset and which placed PVHD patients and employees at risk.

g)   Since KLUNE's departure, numerous concrete steps have been taken (that should and could have been taken by KLUNE and RUTHERFORD) that have saved millions of dollars and have brought millions of dollars in revenue to the hospital and additional services and programs;

h)   As CEO, KLUNE was also responsible for the mismanagement of the CFO, DENNIS RUTHERFORD and the CNO, Tara Barth.

**7.    KLUNE's Claim for Damages.**

a)   KLUNE had a fixed-term employment contract with PVHD and the measure of his economic damages is only through the remaining term of the contract that ended on February 28, 2014.

b)   KLUNE's contract is subject to Government Code section 53260, which caps the maximum severance a public agency can pay a public employee and his severance must be subtracted from any back pay award he may be entitled to receive under his retaliation theories.  *Ryan v. Raytheon Data Sys. Co.*, 601 F.Supp. 243, 253(D. Mass. 1984) (Back pay awards must be reduced by the amount of any severance or separation pay plaintiff receives from the defendant employer).

c)   KLUNE's claim for future lost earning is based on the false assumption that his fixed-term employment contract with PVHD would have been automatically renewed until the end of KLUNE's work-life expectancy, a period of 10 years according to KLUNE's expert economist.  This assumption, not only violates California law which prohibits "evergreen" contracts for public officials, but is

contrary to the overwhelming weight of the evidence.  *See, e.g.*, Health & Safety Code § 32121.5 (restricting initial term and renewal of contract with hospital administrator).  Indeed, PVHD would not have renewed KLUNE's contract given his gross and reckless management of the Hospital, its finances, its clinical compliance, its physical state, its patients, its employees and his lack of regard for the public's concerns and role with respect to PVHD.

d)      KLUNE failed to properly plead and is not entitled to pre-judgment interest on his claim for severance.

**B.      Klune Claim 3:  Retaliation in Violation of Cal. Lab. Code 1102.5(b).**

PVHD will introduce the following evidence in opposition to KLUNE's third claim:

a)      KLUNE's allegations he engaged in protected activity by disclosing to a government agency that PVHD violated state or federal law.[3]

b)      KLUNE's alleged investigation of EMTALA and related patient transport regulation did not constitute a protected activity under 1102.5:

- EMTALA violations are limited to "circumstances in which a plaintiff did not receive an 'appropriate' screening and/or was not 'stabilized' before being transferred or discharged";

- KLUNE did not investigate or report any violations of EMTALA.

c)      KLUNE's alleged investigation of activities under California Government Code §1090 and California Political Reform Act, Cal. Gov. Code §§8100 to 91014 did not constitute a protected activity under 1102.5.

---

[3] Plaintiffs' retaliation claims based on alleged "hostile work environment" and violations of Cal. Penal Code § 487(a) have been stricken. (Dkt. 408, p.33, n.13.)

9

- KLUNE failed to identify a contract in which Burton, Hudson or Sartin participated and had a cognizable financial interest as required for a violation of section 1090.
- Alleged conflicts under sections 81000 to 91014 also do not amount to protected activity under 1102.5 since specific statutes are not identified.

### 2.   PVHD did not subject KLUNE to adverse employment action for such disclosures.

See above regarding the legitimate non-retaliatory reasons of the PVHD Board in terminating KLUNE's contract.

### 3.   There was no causal link between the "protected activity" and PVHD's decision to discharge Klune.

This element is disputed because KLUNE cannot show PVHD ***knew*** he was engaging in a protected activity.

  a)   KLUNE did not advise Board he was engaging in the alleged protected activity.

  b)   The PVHD Board in place as of January 2013 did not have notice that KLUNE was engaging in a whistle-blowing activity that amounted to a violation of state or federal law.


## C.   RUTHERFORD's Claims 1 and 3:  Retaliation for Engaging in Protected Activity under the FFCA/CFCA

PVHD will introduce the following evidence in opposition to Rutherford's first claim:

### 1.   Rutherford was employed by PVHD.

This element is not in dispute.

### 2.   RUTHERFORD allegedly acted in furtherance of a false claims action or to stop a false claim.

This element is disputed as RUTHERFORD cannot prove he engaged in "protected activity."

10

**3.     PVHD did not know RUTHERFORD engaged in protected activity.**

This element is disputed as RUTHERFORD cannot prove he engaged in protected activity or that the PVHD Board members who voted to not renew his contract had actual knowledge he engaged in a "protected activity."

**4.     PVHD did not subject Rutherford to adverse employment action.**

PVHD's decision not to renew RUTHERFORD's contract upon its expiration was not adverse employment action.  In addition, it had legitimate non-discriminatory reasons in not renewing RUTHERFORD's contract.

**5.     PVHD's decision to not renew RUTHERFORD's contract was based on legitimate non-retaliatory reasons.**

a)     RUTHERFORD was contractually responsible for the financial operations of Palo Verde Healthcare District and, to ensure it was fully compliant with applicable laws and regulations.

b)     The PVHD Board was advised for the first time that the Hospital was in dire a financial state at the January 16, 2013 Board meeting, which occurred under the management and leadership of RUTHERFORD and KLUNE.

c)     RUTHERFORD identified no measures that had been taken to reduce costs or increase revenue despite knowing of problems that had been building for more than a year.  RUTHERFORD also presented no strategy or plan or specific steps to take to address the Hospital's finances.

d)     The cost of RUTHERFORD's salary, deferred compensation and benefits was not sustainable given the finances of PVHD.

e)     Instead of taking steps to save costs and increase revenue in 2012, RUTHERFORD recklessly performed his responsibilities, including:

- Recommending executive and employee raises/bonuses of $450,000;
- Incurring more than $500,000 in attorney fees related to hiring 8 law firms regarding issues involving Dr. Sahlolbei;

/ / /

- Failing to appeal notices requiring repayment of more than $2.3 million from the State of California in April and May of 2012;

- Bringing Medicare billing in-house without training employees which resulted in that billing not being done; and,

- Overstaffing the Hospital and continuing to hire personnel without regard to the significant decrease in revenue and patients being seen and patient services being provided.

      f)     RUTHERFORD also failed to address numerous quality of care issues and PVHD's non-compliance with state and federal regulations that resulted in numerous citations by the state and federal authorities, the near loss of PVHD's deemed status, the expenditure of thousands of man hours and thousands of dollars to take necessary corrective action, patient complaints, community upset and which placed PVHD patients and employees at risk.

      g)     Since RUTHERFORD's departure many steps have been taken (that should and could have been taken by RUTHERFORD and KLUNE) that have saved PVHD millions of dollars and have brought millions of dollars in revenue to the hospital and added services and programs.

      h)     The non-renewal of RUTHERFORD's employment contract, which has been adjudicated to be lawful pursuant to PVHD's rights under the contract, was for a legitimate, non-retaliatory purpose.  At the February 19, 2013 meeting, the PVHD Board voted in closed session not to renew his contract upon its expiration and a report was made in open session regarding the same.

**6.    RUTHERFORD's Claim for Damages.**

      a)     RUTHERFORD's two year fixed-term employment contract with PVHD was non-renewed upon its expiration.

/ / /

/ / /

b)    RUTHERFORD did not properly or adequately mitigate his damages, but spent less than 15% of the time following the non-renewal of his contract looking for new employment.

c)    RUTHERFORD became re-employed in January 2014 at Gilbert Hospital which is located near his home in Arizona.

d)    RUTHERFORD's claim for future lost wages is legally impermissible, speculative and based on a false assumption that his fixed-term employment contract would have been automatically renewed until the end of RUTHERFORD's work-life expectancy.  But, this would be considered an unlawful "evergreen" contract prohibited by state law for public officials.  *See, e.g*., Health & Safety Code § 32121.5 (restricting initial term and renewal of contract with hospital administrator).

e)    RUTHERFORD's earnings before his employment at PVHD, at the beginning of his employment with PVHD and in his current employment is the true market value of his services based on his education, qualifications and experience.

f)    RUTHERFORD is not entitled to front pay; emotional distress damages or pre-judgment interest.

## D.    Rutherford Claim 2:  Retaliation in Violation of Cal. Lab. Code 1102.5(b).

PVHD will introduce the following evidence in opposition to Rutherford's second claim:

**1.    Rutherford's allegations he engaged in protected activity by disclosing to a government agency that PVHD violated state or federal law.**

RUTHERFORD's alleged "protected activity" was limited and does not constitute "protected activity" as defined by law.

/ / /

/ / /

1    **2.     PVHD did not subject Rutherford to adverse employment action.**

2         PVHD's decision not to renew RUTHERFORD' contract upon its expiration

3    was not adverse employment action.  In addition, it had legitimate non-discriminatory

4    reasons in not renewing RUTHERFORD's contract.

5    **3.     There was no causal link between any alleged "protected activity"
          and PVHD's decision to discharge RUTHERFORD.**

6

7         This element is disputed because RUTHERFORD cannot show PVHD *__knew__* he

8    was engaging in a protected activity.  Further, as stated above, PVHD had sound,

9    legitimate, non-retaliatory reasons for its decision not to renew his contract once it

10   expired.

11                                      **IV.**

12   **PVHD'S AFFIRMATIVE DEFENSES AND ELEMENTS REQUIRED TO
     ESTABLISH AND KEY EVIDENCE IN SUPPORT OF AFFIRMATIVE**

13                                  **DEFENSES**

14

15        **First Affirmative Defense**:  Plaintiffs' claims for damages are limited by the

16   "after acquired evidence doctrine."   9th Cir. 10.5C; *McKennon v. Nashville Banner*

17   *Publ'g Co.*, 513 U.S. 352, 361-362 (1995).  Under the "after acquired evidence"

18   defense, PVHD may avoid payment of back pay and front pay where it establish by a

19   preponderance of the evidence that:

20        1.  PVHD discovered that the KLUNE/RUTHERFORD committed an act of
21            misconduct.

22        2.  PVHD would have fired the KLUNE RUTHERFORD for that misconduct.

23   *O'Day v. McDonnell Douglas Helicopter Co.,* 79 F.3d 756, 761 (9th Cir. 1996).

24

25   Also, see evidence listed in Fourth Affirmative Defense below.

26   / / /

27   / / /

28   / / /

                                      14

**<u>Second Affirmative Defense</u>**: Plaintiffs' claims for retaliation under the False Claims Act, California False Claims Act and Labor Code section 1102.5 are barred because PVHD would have reached the "same decision" regarding Plaintiffs' employment regardless of any claimed protected activity.  The supporting evidence includes the testimony of the PVHD Board members who voted in support of terminating/non-renewing the contracts, the financial reports provided to the PVHD Board in January 2013, the testimony of Richard Gianello and Sandra Anaya, the testimony of Peter Klune and Dennis Rutherford, the HFS Audit and related reports, the financial reports for 2012 and 2013, the Medicare and Medi-Cal Form 2567 reports, patient complaints, recorded minutes of PVHD Board meetings.

**<u>Third Affirmative Defense</u>**: Plaintiffs have failed to mitigate their economic losses and/or successfully mitigated their losses.  The supporting evidence includes documents produced by both Plaintiffs, the Plaintiffs' deposition testimony, the testimony of the defense economist and vocational rehabilitation experts, documents obtained from Mendocino Coast Healthcare District, documents from Hawaii Health Systems, documents from Bakersfield Heart Hospital, documents from Gilbert Hospital.

**<u>Fourth Affirmative Defense</u>**: Plaintiffs' claims for equitable damages are barred by the doctrine of unclean hands.  Here, Plaintiffs have committed misconduct and acted recklessly and unfairly with respect to contractual obligations.  The overwhelming evidence, including their own deposition admissions and those of his CFO show that he utterly failed to perform his contractual responsibilities and brought a public entity to the brink of bankruptcy that exists to serve the health needs of a rural low-income population.  They failed to take steps to avoid the financial crisis that PVHD's successor administration has shown were viable and effective.

Plaintiffs' mismanagement not only effected the financial health of PVHD, but broadly affected its delivery of the healthcare services and subjected PVHD to citations and fines directly attributable to his failure to perform his responsibility "for all actions concerning the District's management, operations and finances.

Significantly, allowing Plaintiffs to recover damages from PVHD undermines justice based not only on his serious mismanagement, the depths of which were unknown until after Plaintiffs departed, but because of the injustice they committed on PVHD, its patients and this Court in breaching HIPAA by taking confidential patient records from PVHD to use in this litigation.

The Court already found that KLUNE wrongfully retained documents containing individually identifiable health information and provided them to his attorneys for use and disclosure in this litigation in violation of HIPAA.  (Dkt. 163, p.23: 2-14.)  The Court specifically found that KLUNE's taking of HIPAA-protected patient information when he left PVHD violated his confidentiality agreement with PVHD.  (Id. at 15-27.)  Moreover, it concluded "plaintiff Klune's removal of HIPAA-protected information from PVHD, retention of it for his own self-protection, and transmission of it to his attorneys" was not authorized by HIPAA. (Dkt., p. 26:23-25.)

KLUNE's violation of HIPAA, which was not known until eleven months after his termination when he produced the records he had wrongfully taken from PVHD as part of his Rule 26 initial disclosures, required PVHD to provide notice to all affected individuals that their private health information was compromised and make a press release about the matter.  (See, Dkt.  163, pp.29-30.)

KLUNE's violation of HIPAA was directed at advancing his lawsuit against PVHD, including his breach of contract claim.  This violation, his immense failure to perform as a CEO, including the Stark violations occurring solely under KLUNE's watch that PVHD received notice of only a year after KLUNE was terminated (and have resulted in a $132,000 fine and an indefinite "black mark" with CMS), violate

conscience, good faith, or other equitable standards of conduct that are sufficient to invoke the unclean hands doctrine. *Kendall-Jackson Winery, Ltd. V. Superior Court*, 76 Cal.App.4th 970, 978-79 (1999). KLUNE must answer for his own misconduct by denying him the right to benefit from his own transgressions in recovering severance pay on his breach of contract claim. *See, Hall v. Wright*, 240 F.2d 787 (9th Cir. 1957) (uncleans hands applies to conduct committed "before and during the pendency of [the] litigation).

**Fifth Affirmative Defenses**: Plaintiff KLUNE's claim for economic damages must be set off by 12 months' severance compensation as determined by the court. (Legal Defense)

**Sixth Affirmative Defenses**: Plaintiffs' claims for emotional distress damages are barred by the exclusive remedies of the Workers' Compensation Act. Cal. Labor Code section 3600 *et seq.* Any emotional distress arose of routine personnel decisions of PVHD, which are barred under the Labor Code.

**Seventh Affirmative Defense**: Plaintiffs' claims for emotional distress are not permissible. (Legal Defense)

**Eighth Affirmative Defense**: As a public entity, defendant is immune from an award of damages that is punitive. (Legal Defense)

## V.

## THIRD-PARTIES

Not Applicable.

# VI.

## ANTICIPATED EVIDENTIARY ISSUES

PVHD has filed, and expects Plaintiffs to oppose, the following motions in limine:

**1.**   Motion in limine to preclude Plaintiffs from presenting evidence of equitable remedies at jury trial and any evidence of front pay.

2.   Motion in limine to preclude Plaintiffs from presenting the opinions of Plaintiffs' economist Brian Brinig.

3.   Motion in limine to exclude evidence of emotional distress.

4.   Motion in limine to exclude evidence of criminal arrests, proceedings and administrative actions.

5.   Motion in limine to exclude witnesses and evidence not produced in response to PVHD's written discovery and which were not disclosed or timely disclosed with Plaintiffs' Rule 26 disclosures.

6.   Motion in limine to exclude evidence of allegations and claims that have been stricken or dismissed.

7.   Motion in limine to exclude improper opinion testimony from PVHD attorneys.

8.   Motion in limine to exclude improper testimony from physicians.

9.   Motion in limine to exclude opinion testimony from Michael Murphy.

10.   Motion in limine to exclude testimony from former PVHD Board members, including Catalina McClain and Beatrice Pinon.

11.   Motion in limine to exclude irrelevant and prejudicial evidence of personal financial information of Trina Sartin and documentation from her third-party transport companies Desert Air Ambulance, Inc. and Desert Critical Care Transport, Inc.

/ / /

DEFENDANT PALO VERDE HEATLHCARE DISTRICT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
CASE NO. EDCV13-01247 JAK (SPx)

# VII.

## ANTICIPATED ISSUES OF LAW

**A.    KLUNE's Breach of Contract Damages is an Issue of Law for the Court.**

The determination of the amount of KLUNE's damages for breach of contract is a legal issue based on interpreting the language of his contract under California law, specifically Government Code section 53260.  This Court has previously observed, "[u]nder California law, it is well settled that the interpretation of the terms of a contract is a question of law."  Dkt. 320, p.4 citing *Parsons v. Bristol Development Co.*, 62 Cal.2d 861, 865 (1965).  The Court also noted that KLUNE's contract specifically provides it "shall be governed by and construed in accordance with the law of the State of California, without regard to its choice of law rules."  *Id.*, at fn. 5, and that "California Government Code section 53260 applies to Employment Agreements entered into entities such as Palo Verde."  Dkt. 320, p.10. PVHD will also be disputing the amount KLUNE is owed for severance which, as noted above, is a question of law for the court to determine.

**B.    Prejudgment Interest.**

PVHD disputes whether KLUNE is owed pre-judgment interest in connection with severance damages under his Breach of Contract or retaliation claims and the amount of pre-judgment interest owed, if any.

**C.    Mitigation of Damages.**

PVHD will present evidence that KLUNE and RUTHERFORD each failed to properly mitigate their alleged damages by failing to diligently take steps to obtain new employment.

/ / /

/ / /

DEFENDANT PALO VERDE HEATLHCARE DISTRICT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
CASE NO. EDCV13-01247 JAK (SPx)

1
2

**D.      Damages Under FFCA/CFCA Must Be Determined by Court as Equitable Issues.**

3

        Back pay is an equitable remedy for the Court, not the jury, to decide. *See, Lutz*

4

*v. Glendale Union High Sch.*, 403 F.3d 1061, 1069 (9th Cir. 2005) ("there is no right

5

to have a jury determine the appropriate amount of back pay.... Instead, back pay

6

remains an equitable remedy to be awarded by the district court in its discretion.").

7

        Likewise, as a remedy "in lieu of reinstatement," front pay is an equitable

8

remedy determined by the court, not the jury, in statutory employment discrimination

9

actions in federal courts. *Traxler v. Multnomah County*, 596 F.3d 1007, 1011 (9th Cir.

10

2010); *see also Donlin v. Philips Lighting N. Am. Corp.*, 581 F.3d 73, 78 n. 1 (3d

11

Cir.2009) ("[t]he jury's role was only advisory on the issue of damages because back

12

pay and front pay are equitable remedies to be determined by the court.").

13

14

**E.      Whether Klune and Rutherford May Recover Front Pay.**

15

        Front pay and lost future earnings, to which Plaintiffs claim they are entitled,

16

even where permitted, are distinct remedies.  *Williams v. Pharmacia, Inc.*, 137 F.3d

17

944, 954 (7th Cir. 1998) ("Whereas front pay compensates the plaintiff for the lost

18

earnings from her old job for as long as she may have been expected to hold it, a lost

19

future earnings award compensates the plaintiff for the diminution in expected

20

earnings in all of her future jobs for as long as the reputational or other injury may be

21

expected to affect her prospects.").  Indeed, trial courts must "temper the use of front

22

pay by recognizing the potential for windfall to the plaintiff." *Dotson v. Pfizer, Inc.*,

23

558 F.3d 284, 300 (4th Cir. 2009) (emphasis added; internal quotes omitted); *Caudle*

24

*v. Bristow Optical Co., Inc.*, 224 F.3d 1014, 1020 (9th Cir. 2000).

25

        Thus, front pay is temporary in nature, and only compensates a plaintiff who

26

cannot practically be reinstated "only until such time that the employee can

27

reasonably be expected to have moved on to similar or superior employment."

28

DEFENDANT PALO VERDE HEATHCARE DISTRICT'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW
CASE NO. EDCV13-01247 JAK (SPx)

*Williams*, 137 F.3d at 954; *see also, Pollard v. E.I. du Pont de Nemours & Co*., 532 U.S. 843, 850 (2001) (citing with approval lower court cases upholding front pay awards "equal to the estimated present value of lost earnings that are reasonably likely to occur between the date of the judgment and the time when the employee can assume his new position.").

Here, because both Plaintiffs were subject to fixed-term employment contracts, the date upon which their contracts expired provides the outer-limit of the time they could have been "expected to hold" their jobs. *Williams*, at 137 F.3d at 954.

## F.   <u>Double Back Pay Is Not Properly be Recoverable Against a Public Entity</u>.

A double back pay award may not be available to a public employee if it is not compensatory and punishes the entity. *U.S. ex rel. Satalich v. City of Los Angeles*, 160 F.Supp.2d 1092, 1110 (C.D. Cal. 2001).

## VIII.

## <u>BIFURCATION ISSUES</u>

PVHD requests that the issue of liability be bifurcated from the equitable questions for damages. In *Traxler*, the Ninth Circuit explained in the context of an FMLA case that a court's power to "award front pay, as an alternative to reinstatement, is derived solely from the statutory provision …." *Traxler*, at 1012. There is no authority under the FCA, CFCA or Labor Code section 1102.5 for an award of front pay.

*Traxler's* statutory analysis readily shows why front pay is not available to Plaintiffs. *Traxler* began its analysis "with the statute itself," setting forth the remedies authorized.[1]   The Court ultimately derived the authority to award front pay

---

[1] "The FMLA provision governing an remedies against an employer is divided into two subsections. The first allows 'damages' for past costs including, among other things, 'wages, salary, employment benefits, or other compensation denied or lost.' 29

1   in lieu of reinstatement based on a subsection of the FMLA that "addresses

2   prospective relief, *allowing 'for such equitable relief as may be appropriate*,

3   including employment, reinstatement, and promotion.' " *Traxler*, at 1011 (emphasis

4   added).  The Court concluded that "the court's power under the FMLA to award front

5   pay, as an alternative to reinstatement, *is derived solely from the statutory provision*

6   *permitting the court to award "such equitable relief as may be appropriate*."

7   *Traxler*, at 1011-12.

8

9                                   **IX.**

10                              **JURY TRIAL**

11          Both parties have requested a jury trial.

12

13                                   **X.**

14                       **ATTORNEYS' FEES (L.R. 16-4.5)**

15   A.    **Defendant's Attorneys' Fees**.

16          PVHD has already been awarded attorneys' fees in regards to its Anti-Slapp

17   motion and has filed motions for fees based on Plaintiffs' frivolous appeal and in

18   connection with its motion for partial summary judgment as to the RUTHERFORD

19   and BARTH's claims for breach of contract.  PVHD and the individual Defendants

20   will also be seeking attorneys' fees on the section 1983 claims asserted by all three

21   Plaintiffs which the Court has dismissed.  PVHD will also seek attorneys' fees on

22   BARTH claims for retaliation under California Labor Code 1102.5 which the Court

23   has also dismissed.

24

25

26   _____

27   U.S.C. § 2617 (a)(1)(A)(i)(I). That same subsection covers non-wage actual monetary losses, interest, and liquidated damages. The second subsection addresses prospective relief, allowing 'such equitable relief as may be appropriate, including employment,

28   reinstatement, and promotion.' " *Id*. (a)(1)(B)." *Traxler*, at 1011.

**B.      Plaintiffs' Attorneys' Fees.**

Any fees claimed by Plaintiff KLUNE on his breach of contract claim should be limited to his motion for partial summary judgment on that claim.  Any other fees sought by Plaintiffs should be significantly reduced since 20 of their 27 claims originally pled have been dismissed. *Sorenson v. Mink*, 239 F.3d 1140, 1147 (9th Cir. 2001) (a district court may, in its discretion, reduce a plaintiff's fee award based on the "limited success" that plaintiffs achieved in the litigation.)

**XI.**

**ABANDONMENT OF ISSUES (L.R. 16-4.6)**

None.

DATED:  March 27, 2015                    SWEENEY GREENE & ROBERTS

By:   */s/ Maria C. Roberts*
                    Maria C. Roberts
                    Alison P. Adema
                    Ryan Blackstone-Gardner
                    Attorneys for Defendant
                    Palo Verde Healthcare District