Exhibit 3

1  Maria C. Roberts, SBN 137907
   mroberts@sgrlawfirm.com
2  Alison P. Adema, SBN 149285
   aadema@sgrlawfirm.com
3  Ryan Blackstone-Gardner, SBN 208816
   rbg@sgrlawfirm.com
4  SWEENEY GREENE & ROBERTS
   401 West A Street, Suite 1675
5  San Diego, CA 92101
   Telephone: (619) 398-3400
6  Facsimile:  (619) 330-4907

7  Attorneys for Defendant Palo Verde Healthcare District

8  **STUTZ ARTIANO SHINOFF & HOLTZ**
   *A Professional Corporation*
9  Ray J. Artiano, Esq. (SBN 88916)
   rartiano@sashlaw.com
10 Ljubisa Kostic, Esq. (SBN 226668)
   lkostic@sashlaw.com
11 2488 Historic Decatur Road, Suite 200
   San Diego, California  92106
12 Telephone: (619) 232-3122
   Facsimile: (619) 232-3264
13
14 Attorneys for Plaintiffs, DENNIS RUTHERFORD and PETER KLUNE

15              UNITED STATES DISTRICT COURT

16          CENTRAL DISTRICT OF CALIFORNIA – RIVERSIDE

17

| | |
|---|---|
| 18  DENNIS RUTHERFORD, an individual; PETER KLUNE, an 19  individual, and TARA BARTH, an individual, | Case No. EDCV13-01247 JAK (SPx) [Consolidated with Case Nos. EDCV13-01249 JAK (SPx) and EDCV13-01250 JAK (SPx)] |
| 20              Plaintiffs, | Judge:  Hon. John A. Kronstadt Magistrate Judge:  Hon. Sheri Pym 21  vs. Action Date:  July 16, 2013 |
| 22  PALO VERDE HEALTH CARE 23  DISTRICT, a public entity; TRINA SARTIN, an individual; SANDRA 24  HUDSON, an individual; and DOES 1-50, inclusive, | Discovery Cutoff:     January 2, 2015 Pretrial Conference:  April 6, 2015 Trial Date:            April 21, 2015 **AMENDED UNDISPUTED JURY INSTRUCTIONS** |
| 25              Defendants. | |
| 26 | |

27

28

1    Plaintiffs Peter Klune and Dennis Rutherford and Defendant Palo Verde

2  Healthcare District submit the following Amended Undisputed Jury Instructions in

3  advance of the trial set to begin on April 21, 2015, at 8:30 a.m., before the Honorable

4  John A. Kronstadt in Courtroom 750 of the United States District Court, Central

5  District of California – Western Division.

6

7  DATED:  April 10, 2015                     SWEENEY GREENE & ROBERTS

8
                                             By:___/s/ Maria C. Roberts_____
9                                               Maria C. Roberts
                                                Alison P. Adema
10                                              Ryan Blackstone-Gardner
                                                Attorneys for Defendant
11                                              Palo Verde Healthcare District

12

13  DATED:  April 10, 2015                     STUTZ ARTIANO SHINOFF & HOLTZ
                                             *A Professional Corporation*
14
                                             By:___/s/ Ljubisa Kostic_____
15                                              Ljubisa Kostic

16                                              Ray J. Artiano
                                             Attorneys For Plaintiffs, DENNIS
17                                             RUTHERFORD and PETER KLUNE

18

19

20

21

22

23

24

25

26

27

28

## INDEX OF PROPROSED JURY INSTRUCTIONS

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 1. | Duty of Jury – (Court Reads and Provides Written Instructions) | 9th Cir. 1.1A | 1 |
| 2. | Duty of Jury (Court Reads Instructions Only) | 9th Cir. 1.1B | 2 |
| 3. | Duty of Jury (Court Reads and Provides Written Instructions at End of Case) | 9th Cir. 1.1C | 3 |
| 4. | Claims and Defenses | 9th Cir. 1.2 (Modified) | 4 |
| 5. | Burden of Proof – Preponderance of the Evidence | 9th Cir. 1.3 | 5 |
| 6. | Two or More Parties – Different Legal Rights | 9th Cir. 1.5 | 6 |
| 7. | What is Evidence | 9th Cir. 1.6 | 7 |
| 8. | What is Not Evidence | 9th Cir. 1.7 | 8 |
| 9. | Evidence For a Limited Purpose | 9th Cir. 1.8 | 9 |
| 10. | Direct and Circumstantial Evidence | 9. Cir. 1.9 | 10 |
| 11. | Ruling on Objections | 9th Cir. 1.10 | 11 |
| 12. | Credibility of Witnesses | 9th Cir. 1.11 | 12 |
| 13. | Conduct of the Jury | 9th Cir. 1.12 | 13 |
| 14. | No Transcript Available to Jury | 9th Cir. 1.13 | 15 |
| 15. | Taking Notes | 9th Cir. 1.14 | 16 |
| 16. | Bench Conferences and Recesses | 9th Cir. 1.18 | 17 |
| 17. | Trial Proceedings | 9th Cir. 1.19 | 18 |
| 18. | Stipulated Testimony | 9th Cir. 2.1 | 19 |
| 19. | Stipulations of Fact | 9th Cir. 2.2 | 20 |
| 20. | Judicial Notice | 9th Cir. 2.3 | 21 |
| 21. | Deposition in Lieu of Live Testimony | 9th Cir. 2.4 | 22 |
| 22. | Transcript of Tape Recording | 9th Cir. 2.5 | 23 |

i

| No. | Title | Source | Page |
|-----|-------|--------|------|
| 23. | Impeachment Evidence – Witness | 9th Cir. 2.8 | 24 |
| 24. | Use of Interrogatories of a Party | 9th Cir. 2.10 | 25 |
| 25. | Expert Opinion | 9th Cir. 2.11 | 26 |
| 26. | Charts and Summaries Not Received in Evidence | 9th Cir. 2.12 | 27 |
| 27. | Charts and Summaries in Evidence | 9th Cir. 2.13 | 28 |
| 28. | Evidence in Electronic Format | 9th Cir. 2.14 | 29 |
| 29. | Duty to Deliberate | 9th Cir. 3.1 | 31 |
| 30. | Consideration of Evidence – Conduct of the Jury | 9th Cir. 3.1 A | 32 |
| 31. | Communication with Court | 9th Cir. 3.2 | 33 |
| 32. | Readback or Playback | 9th Cir. 3.2 A | 34 |
| 33. | Return of Verdict | 9th Cir. 3.3 | 35 |
| 34. | Additional Instructions of the Law | 9th Cir. 3.4 | 36 |
| 35. | Public Entities – Fair Treatment | 9th Cir. 4.1 | 37 |
| 36. | Liability of Corporations – Scope of Authority Not In Issue | 9th Cir. 4.2 (Modified) | 38 |
| 37. | Damages – Proof | 9th Cir. 5.1 | 39 |
| 38. | Damages – Mitigation | 9th Cir. 5.3 | 40 |
| 39. | Emotional Distress | | 41 |
| 40. | Substantial Motivating Reason | CACI 2507 | 42 |
| 41. | No Punitive Damages | CACI 3924 | 43 |
| 42. | Jurors Not to Consider Attorney Fees and Court Costs | CACI 3964 | 44 |
| 43. | Affirmative Defense – Same Decision (Lab. Code § 1102.6) | CACI 2731 | 45 |

ii

## 1.1A DUTY OF JURY (COURT READS AND
## PROVIDES WRITTEN INSTRUCTIONS)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations. You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

Authority:

9th Cir. 1.1 A

### 1.1 B – DUTY OF JURY (COURT READS INSTRUCTIONS ONLY)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.


Authority:

9th Cir. 1.1 B

## 1.1 C – DUTY OF JURY (COURT READS AND PROVIDES WRITTEN INSTRUCTIONS AT END OF CASE)

Members of the Jury: Now that you have heard all of the evidence and the arguments of the attorneys, it is my duty to instruct you as to the law of the case. Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.

*or*

A copy of these instructions will be sent with you to the jury room when you deliberate.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.  It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.


Authority:

9th Cir. 1.1 C

## 1.2 – CLAIMS AND DEFENSES

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs Peter Klune and Dennis Rutherford claim that defendant Palo Verde Healthcare District retaliated against them because they reported to a government agency what they reasonably believed was defendant's unlawful activity. Plaintiffs have the burden of proving these claims.

The defendant asserts that it did not retaliate against plaintiffs as a result of their investigation or reporting, and that plaintiffs' termination and/or contract non-renewal was due to Palo Verde Healthcare District's legitimate non-retaliatory reasons.

Authority:

9th Cir. 1.2 (Modified)

Case 5:13-cv-01247-JAK-SP   Document 470   Filed 04/10/15   Page 9 of 49   Page ID #:22758

## 1.3  BURDEN OF PROOF—PREPONDERANCE OF THE EVIDENCE

When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Authority:

9th Cir. 1.3

### 1.5 – TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS

You should decide the case as to each plaintiff separately. Unless otherwise stated, the instructions apply to all parties.

<u>Authority</u>:

9th Cir. 1.5

## 1.6 – WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

Authority:

9th Cir. 1.6

## 1.7 – WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1)     Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2)     Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3)     Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4)     Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.


Authority:

9th Cir. 1.7

Case 5:13-cv-01247-JAK-SP   Document 484-3   Filed 04/10/15   Page 14 of 50   Page ID
#:23246
Case 5:13-cv-01247-JAK-SP   Document 470   Filed 04/10/15   Page 13 of 49   Page ID
#:22762

## 1.8 – EVIDENCE FOR A LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited

purpose, you must consider it only for that limited purpose and for no other.

Authority:

9th Cir. 1.8

Case 5:13-cv-01247-JAK-SP   Document 484-3   Filed 04/10/15   Page 15 of 50   Page ID
#:23247
Case 5:13-cv-01247-JAK-SP   Document 470   Filed 04/10/15   Page 14 of 49   Page ID
#:22763

## 1.9 – DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what a witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.


Authority:

9th Cir. 1.9

Case 5:13-cv-01247-JAK-SP   Document 484-3   Filed 04/10/15   Page 16 of 50   Page ID
#:23248
Case 5:13-cv-01247-JAK-SP   Document 470   Filed 04/10/15   Page 15 of 49   Page ID
#:22764

## 1.10 – RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

Authority:

9th Cir. 1.10

## 1.11 – CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1)     the opportunity and ability of the witness to see or hear or know the things testified to;

(2)     the witness's memory;

(3)     the witness's manner while testifying;

(4)     the witness's interest in the outcome of the case and any bias or prejudice;

(5)     whether other evidence contradicted the witness's testimony;

(6)     the reasonableness of the witness's testimony in light of all the evidence; and

(7)     any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.


Authority:

9th Cir. 1.11

## 1.12 – CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.  Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way to try to learn about the case on your own.

      The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

Authority:

9th Cir. 1.12

## 1.13 – NO TRANSCRIPT AVAILABLE TO JURY

During deliberations, you will have to make your decision based on what you recall of the evidence. You will not have a transcript of the trial. I urge you to pay close attention to the testimony as it is given.

If at any time you cannot hear or see the testimony, evidence, questions or arguments, let me know so that I can correct the problem.

Authority:

*United States v. Damsky*, 740 F.2d 134, 138 (2d Cir.), *cert. denied*, 469 U.S. 918 (1984); 9th Cir. 1.13

Case 5:13-cv-01247-JAK-SP   Document 470   Filed 04/10/15   Page 20 of 49   Page ID #:22769

## 1.14 – TAKING NOTES

If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the envelope in the jury room. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.

Authority:

*United States v. Baker*, 10 F.3d 1374, 1403 (9th Cir.1993), *cert. denied*, 513 U.S. 934 (1994); 9th Cir. 1.14

## 1.18 – BENCH CONFERENCES AND RECESSES

From time to time during the trial, it became necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury was present in the courtroom, or by calling a recess. Please understand that while you were waiting, we were working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we have done what we could to keep the number and length of these conferences to a minimum. I did not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

Authority:

9th Cir. 1.18

## 1.19 – TRIAL PROCEEDINGS

Trials proceed in the following way: First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiff will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiff may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.


Authority:

9th Cir. 1.19

## 2.1 – STIPULATED TESTIMONY

The parties have agreed what [*witness*]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

Authority:

9th Cir. 2.1

## 2.2 – STIPULATIONS OF FACT

The parties have agreed to certain facts that will be read to you. You should therefore treat these facts as having been proved.

Authority:

*United States v. Mikaelian*, 168 F.3d 380, 389 (9th Cir.1999); 9th Cir. 2.2

Case 5:13-cv-01247-JAK-SP   Document 484-3   Filed 04/10/15   Page 26 of 50   Page ID
#:23258
Case 5:13-cv-01247-JAK-SP   Document 470   Filed 04/10/15   Page 25 of 49   Page ID
#:22774

## 2.3 – JUDICIAL NOTICE

The court has decided to accept as proved the fact that [*state fact*], even though

no evidence has been introduced on the subject. You must accept this fact as true.

<u>Authority</u>:

9th Cir. 2.3

## 2.4 – DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded. [When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.]

The deposition of [*witness*] was taken on [*date*]. You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

[Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.]

Authority:

9th Cir. 2.4

## 2.5 – TRANSCRIPT OF TAPE RECORDING

You have listened to tape recordings that were received in evidence. Each of you has been given a transcript of the recording to help you identify speakers and as a guide to help you listen to the tape.

However, bear in mind that the tape recording is the evidence, not the transcript. If you hear or heard something different from what appears in the transcript, what you heard is controlling. After the tape has been played, the transcript will be taken from you.

Authority:

9th Cir. 2.5

## 2.8 – IMPEACHMENT EVIDENCE—WITNESS

The evidence that a witness lied under oath may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.

Authority:

9th Cir. 2.8 (Modified)

Case 5:13-cv-01247-JAK-SP   Document 484-3   Filed 04/10/15   Page 30 of 50   Page ID
#:23262
Case 5:13-cv-01247-JAK-SP   Document 470   Filed 04/10/15   Page 29 of 49   Page ID
#:22778

## 2.10 – USE OF INTERROGATORIES OF A PARTY

Evidence was presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Authority:

9th Cir. 2.10

Case 5:13-cv-01247-JAK-SP   Document 484-3   Filed 04/10/15   Page 31 of 50   Page ID
#:23263
Case 5:13-cv-01247-JAK-SP   Document 470   Filed 04/10/15   Page 30 of 49   Page ID
#:22779

## 2.11 – EXPERT OPINION

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witnesses' education and experience, the reasons given for the opinion, and all other evidence in the case.

Authority:

9th Cir. 2.11

Case 5:13-cv-01247-JAK-SP   Document 484-3   Filed 04/10/15   Page 32 of 50   Page ID
#:23264
Case 5:13-cv-01247-JAK-SP   Document 470   Filed 04/10/15   Page 31 of 49   Page ID
#:22780

## 2.12 – CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence have been shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and `summaries and determine the facts from the underlying evidence.

Authority:

9th Cir. 2.12

## 2.13 – CHARTS AND SUMMARIES IN EVIDENCE

Certain charts and summaries have been received into evidence to illustrate information brought out in the trial. Charts and summaries are only as good as the underlying evidence that supports them. You should, therefore, give them only such weight as you think the underlying evidence deserves.

Authority:

*United States v. Johnson*, 594 F.2d 1253, 1254-55 (9th Cir.1979); Fed. R. Evid. 1006;
9th Cir. 2.13

## 2.14 – EVIDENCE IN ELECTRONIC FORMAT

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room. A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits. You will also be provided with a paper list of all exhibits received in evidence. (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the [clerk] [bailiff].) If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury. Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room [with [the clerk] [the bailiff] [me] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.] When the court technician or any non-juror is in the jury room, the jury shall not deliberate. No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment. Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case. You may not use the computer for any other purpose. At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material. Do not attempt to alter the computer to obtain access to such materials. If you discover that the computer provides or allows

Case 5:13-cv-01247-JAK-SP   Document 484-3   Filed 04/10/15   Page 35 of 50   Page ID
#:23267
Case 5:13-cv-01247-JAK-SP   Document 470   Filed 04/10/15   Page 34 of 49   Page ID
#:22783

access to such materials, you must inform me immediately and refrain from viewing such materials. Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.


<u>Authority</u>:

9th Cir. 2.14

Case 5:13-cv-01247-JAK-SP   Document 484-3   Filed 04/10/15   Page 36 of 50   Page ID
#:23268
Case 5:13-cv-01247-JAK-SP   Document 470   Filed 04/10/15   Page 35 of 49   Page ID
#:22784

## 3.1 – DUTY TO DELIBERATE

When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision.

Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.

Authority:

9th Cir. 3.1

Case 5:13-cv-01247-JAK-SP   Document 484-3   Filed 04/10/15   Page 37 of 50   Page ID
#:23269
Case 5:13-cv-01247-JAK-SP   Document 470   Filed 04/10/15   Page 36 of 49   Page ID
#:22785

## 3.1 A – CONSIDERATION OF EVIDENCE – CONDUCT OF THE JURY

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings[, and a mistrial could result that would require the entire trial process to start over]. If any juror is exposed to any outside information, please notify the court immediately.

Authority:

9th Cir. 3.1 A

## 3.2 – COMMUNICATION WITH COURT

If it becomes necessary during your deliberations to communicate with me, you may send a note through the bailiff, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone—including me—how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

Authority:

9th Cir. 3.2

## 3.2 A – READBACK OR PLAYBACK

### Comment

If during jury deliberations a request is made by the jury or juror for a readback of a portion or all of a witness's testimony, and the court in exercising its discretion determines after consultation with legal counsel that a readback should be allowed, the committee recommends the following admonition be given in open court with both sides and the defendant present:

> Because a request has been made for a [readback] [playback] of the testimony of [*witness's name*] it is being provided to you, but you are cautioned that all [readbacks] [playbacks] run the risk of distorting the trial because of overemphasis of one portion of the testimony. [Therefore, you will be required to hear all the witness's testimony on direct and cross-examination, to avoid the risk that you might miss a portion bearing on your judgment of what testimony to accept as credible.] [Because of the length of the testimony of this witness, excerpts will be [read] [played].] The [readback] [playback] could contain errors. The [readback] [playback] cannot reflect matters of demeanor [, tone of voice,] and other aspects of the live testimony. Your recollection and understanding of the testimony controls. Finally, in your exercise of judgment, the testimony [read] [played] cannot be considered in isolation, but must be considered in the context of all the evidence presented.

Authority:

9th Cir. 3.2 A

### 3.3 – RETURN OF VERDICT

A verdict form has been prepared for you. [*Any explanation of the verdict form may be given at this time.*] After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.


<u>Authority</u>:

9th Cir. 3.3

Case 5:13-cv-01247-JAK-SP   Document 470   Filed 04/10/15   Page 40 of 49   Page ID #:22789

## 3.4 – ADDITIONAL INSTRUCTIONS OF LAW

At this point I will give you a further instruction. By giving a further instruction at this time, I do not mean to emphasize this instruction over any other instruction. You are not to attach undue importance to the fact that this was read separately to you.

You shall consider this instruction together with all of the other instructions that were given to you.

[*Insert text of new instruction.*]

You will now retire to the jury room and continue your deliberations.

## 4.1 – PUBLIC ENTITIES – FAIR TREATMENT

All parties are equal before the law and a public entity is entitled to the same
fair and conscientious consideration by you as any party.

Authority:

9th Cir. 4.1

## 4.2 – LIABILITY OF CORPORATIONS – SCOPE OF AUTHORITY NOT IN ISSUE

Under the law, a <u>Healthcare District</u> is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a <u>Healthcare District</u> is responsible for the acts of its employees, agents, directors, and officers performed within the scope of authority.

<u>Authority</u>:

9th Cir. 4.2 (Modified where underlined)

## 5.1 – DAMAGES—PROOF

It is the duty of the Court to instruct you about the measure of damages. By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for the plaintiffs on their claim for retaliation, you must determine the plaintiffs' damages. The plaintiffs have the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiffs for the general damages you find were caused by the defendant. You should consider the following:

[*Here insert types of damages. See Instruction 5.2 (Measures of Types of Damages)*]

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

Authority:

9th Cir. 5.1

Case 5:13-cv-01247-JAK-SP   Document 484-3   Filed 04/10/15   Page 45 of 50   Page ID
#:23277
Case 5:13-cv-01247-JAK-SP   Document 470   Filed 04/10/15   Page 44 of 49   Page ID
#:22793

## 5.3 DAMAGES—MITIGATION

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.      that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.      the amount by which damages would have been mitigated.

Authority:

9th Cir. 5.3

## EMOTIONAL DISTRESS

You may award damages for emotional pain and suffering, inconvenience and mental anguish if you find that they were caused by Palo Verde Healthcare District's wrongful conduct in retaliating against Plaintiffs for engaging in protected activity under the federal False Claims Act.

Any damages that you award must be fair compensation, no more and no less. No evidence of the monetary value of such intangible things as emotional pain and suffering need be introduced into evidence. There is no exact standard for fixing the compensation to be determined for these elements of damage. Any award you make should be fair in light of the evidence produced at trial.

In determining the amount of damages, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. You may not award damages based on sympathy, speculation or guess work. On the other hand, the law does not require that a plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as circumstances permit.

Authority:

Standing Order, Jury Instructions – Title VII Retaliation (Damages Retaliation - Modified), Judge John M. Facciola, United States District Court for the District of Columbia,

http://www.dcd.uscourts.gov/dcd/sites/dcd/files/TitleVII-Retaliation.pdf

## CACI 2507 – SUBSTANTIAL MOTIVATING REASON

A "contributing factor" is a reason that actually contributed to the decision to take adverse employment action against the plaintiffs.  The reason must be something more than a possible, remote or trivial reason.  It does not, however, have to be the only reason that motivated the decisions.

Authority:

CACI 2507

## CACI 3924 – NO PUNITIVE DAMAGES

You must not include in your award any damages to punish or make an example of Palo Verde Healthcare District. Such damages would be punitive damages, and they cannot be a part of your verdict.

Authority:

CACI 3924

Case 5:13-cv-01247-JAK-SP   Document 484-3   Filed 04/10/15   Page 49 of 50   Page ID
#:23281
Case 5:13-cv-01247-JAK-SP   Document 470   Filed 04/10/15   Page 48 of 49   Page ID
#:22797

## CACI 3964 – JURORS NOT TO CONSIDER ATTORNEY FEES AND COURT COSTS

You must not consider, or include as part of any award, attorney fees or expenses that the parties incurred in bringing or defending this lawsuit.

Authority:

CACI 3964

## AFFIRMATIVE DEFENSE – SAME DECISION (LAB. CODE § 1102.6)

If Plaintiffs each prove that their disclosure of information of an unlawful act was a contributing factor to adverse employment action, Palo Verde Healthcare District is not liable if it proves by clear and convincing evidence that it would have taken the action anyway for legitimate, independent reasons.

Authority:

CACI 2731