UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | | | |
|---|---|---|---|
| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

| | |
|---|---|
| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |

| Andrea Keifer | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE DEFENDANTS' MOTION FOR ATTORNEY'S FEES (DKT. 531);**

**PLAINTIFF'S MOTION FOR ATTORNEY'S FEES (DKT. 533);**

**DEFENDANTS' EX PARTE APPLICATION TO SEAL AND STRIKE DOCUMENTS FILED BY PLAINTIFF PETER KLUNE DISCLOSING INFORMATION PROTECTED BY THE MEDIATION PRIVILEGE (DKT. 545);**

**DEFENDANT'S MOTION TO STRIKE EVIDENCE FILED BY PETER KLUNE WITH HIS REPLY BRIEF FILED IN SUPPORT OF HIS MOTION FOR ATTORNEY'S FEES; REQUEST FOR MONETARY SANCTIONS IN THE AMOUNT OF $3,956.00 (DKT. 551);**

**PLAINTIFFS' MOTION TO RETAX COSTS (DKT. 570)**

## I.    Introduction

In this consolidated action, Peter Klune ("Klune"), Dennis Rutherford ("Rutherford") and Tara Barth ("Barth") (collectively "Plaintiffs") brought claims against their former employer Palo Verde Healthcare District ("Palo Verde") and three of its volunteer board members -- Trina Sartin ("Sartin"), Sandra Hudson ("Hudson") and Samuel Burton ("Burton") (collectively "Defendants"). Initially, Plaintiffs collectively advanced 28 separate causes of action. Each Plaintiff brought the following nine causes of actions against Defendants: (i) violation of 31 U.S.C. § 3730 (federal False Claims Act); (ii) breach of written employment contract; (iii) retaliation in violation of Cal. Lab. Code § 1102.5; (iv) retaliation in violation of Cal. Govt. Code § 12653; (v) violation of Cal. Lab. Code § 203 (failure to pay compensation upon end of employment); (vi) intentional infliction of emotional distress; (vii) tortious invasion of privacy; (viii) violation of privacy rights under Cal. Const. Art. 1 § 1; and (ix) due process and liberty interest violations under 42 U.S.C. § 1983. Consolidated Complaint, Dkt. 49. Rutherford also brought a cause of action for breach of oral contract. *Id.*

After extensive motion practice and a bench trial, Defendants prevailed on 27 of the original 28 claims.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | | Date | August 23, 2016 |
|----------|-------------------------|---|------|-----------------|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | | |

Klune alone prevailed on his cause of action for breach of contract. *See* Dkt. 408 at 36. Defendants subsequently filed a motion for attorney's fees, seeking a total award of $200,378.50, to be apportioned among the Plaintiffs ("Defendants' Motion"). Dkt. 531. Plaintiffs filed an opposition to Defendants' Motion (Dkt. 540), and Defendants filed a reply (Dkt. 544). Klune filed a motion for attorney's fees seeking a total award of $492,542.71 in fees as the prevailing party on his breach of contract claim ("Klune's Motion"). Dkt. 533. Defendants filed an opposition to Klune's Motion (Dkt. 541), and Klune filed a reply (Dkt. 543).[1]

On January 15, 2016, Defendants filed a motion to strike and request for monetary sanctions against Klune and his attorney, Ljubisa Kostic ("Kostic") ("Defendants' Motion to Strike"). Dkt. 551. Klune filed an opposition to Defendants' Motion to Strike (Dkt. 559), and Defendants filed a reply (Dkt. 560).

A hearing on these matters was held on March 21, 2016, and they were taken under submission. Dkt. 565. On June 14, 2016, while these matters were pending, Plaintiffs Barth and Rutherford filed a motion to retax costs pursuant to L.R. 54-8 ("Motion to Retax Costs"). Dkt. 570. The Court considered the matters raised with respect to the Motion to Retax Costs and concluded that, pursuant to L.R. 7-15, it could be decided without oral argument. Dkt. 571. It was then taken under submission. *Id.*

For the reasons set forth in this Order, Defendants' Motion is **GRANTED IN PART and DENIED IN PART**; Klune's Motion is **GRANTED IN PART and DENIED IN PART**; and Defendants' Motion to Strike is **GRANTED IN PART and DENIED IN PART**. The Motion to Retax Costs is **GRANTED IN PART and DENIED IN PART**.

## II.   Background

This action commenced on July 16, 2013 when Klune, Rutherford, and Barth each filed a separate action; all were later consolidated. Dkt. 39. Plaintiffs advanced their respective claims against Defendants. The action concluded approximately 25 months later on August 20, 2015, when the decision following a bench trial was issued. Dkt. 518. As noted, as a result of the pre-trial and trial proceedings, only Klune prevailed on any claim, *i.e.*, breach of contract. Dkt. 408.

Over the course of the 25 months of litigation, the Court became very familiar with the evidence, legal theories and the litigation style of the attorneys. There were more than 560 docket entries, which included five versions of the complaint, many motions, including several to dismiss and for summary judgment, an anti-SLAPP motion, protracted discovery disputes and a multi-day bench trial. Together the Magistrate Judge and the Court issued approximately 112 pre-trial orders, including the following:

- Order re Defendants' Motion to Dismiss the Original Complaint (Dkt. 43) (17 pages)
- Order re Defendants' Motion for Attorney's Fees (Dkt. 173) (15 pages)
- Order re Defendants' Motion to Dismiss the First Amended Complaint (Dkt. 180) (24 pages)
- Order re Defendants' Motion for Partial Summary Judgment (Dkt. 320) (13 pages)
- Order re Defendants' Motion to Dismiss the Third Amended Complaint (Dkt. 321) (19 pages)

---

[1]  Numerous evidentiary objections were filed in connection with Klune's Motion. *See* Dkt. 541-4, 543-8, 552. Rulings on these objections are set forth in a separate order. Dkt 573, 574, 575.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|----------|-------------------------|------|-----------------|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

- Order re Plaintiffs' Motion to Stay Enforcement of Attorney's Fees Award (Dkt. 330) (7 pages)
- Order re Plaintiff's Motion for Partial Summary Judgment and Defendants' Motion to Dismiss or in the Alternative for Partial Summary Judgment (Dkt. 408) (37 pages)
- Order re Memorandum of Decision re Bench Trial (Dkt. 518) (43 pages)

In considering the present matters, the Court has considered this lengthy record and the litigation style of the attorneys that caused it.[2] This review is a material part of the basis for the conclusions in this Order. Further, the Court has substantial experience with how matters are adjudicated in this District, including the amount of time that is reasonably required to complete certain tasks, as well as the hourly rates that are appropriate given the nature of the issues that are addressed. Ultimately, the inability of counsel in this action to work in a collaborative manner led to a substantial amount of litigation. A more appropriate working relationship could have streamlined many issues, and avoided the need to litigate others. The aggressive litigation tactics, which were not productive, led to excessive costs for all parties. That is significant with respect to the present motions, which center on competing requests for the award of reasonable attorney's fees.

### III.   Defendants' Motion

A.   Summary of Defendants' Request for Attorney's Fees

Defendants seek an award of attorney's fees of $200,378.50 against Plaintiffs. This figure is the sum of the following: $76,601 sought against Barth and Rutherford pursuant to Cal. Civ. Code § 1717; $59,087 sought against Barth pursuant to Cal. Code Civ. P. § 1038; and $64,690.50 sought against Barth, Rutherford and Klune pursuant to 42 U.S.C. § 1988. These requests are summarized in the following table:

| Plaintiff Against Whom Attorney's Fees Are Sought | Statutory Authority for an Award of Attorney's Fees | Amount Sought |
|---------------------------------------------------|-----------------------------------------------------|---------------|
| Barth and Rutherford | Cal. Civ. Code § 1717 | $76,601 |
| Barth | Cal. Code Civ. Proc. § 1038 | $59,087 |
| Barth, Rutherford & Klune | 42 U.S.C. § 1988 | $64,690.50 |
| | | **Total: $200,378.50** |

B.   Attorney's Fees Sought Pursuant to Cal. Civ. Code § 1717

Defendants seek $38,300.50 in attorney's fees from each of Barth and Rutherford. This totals $76,601, for Defendants' successful defense of the separate breach of contract claims brought by each of these Plaintiffs.

---

[2] The litigation style has not changed. In connection with the present motions, the parties collectively made 17 separate filings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

1.   <u>Legal Standard</u>

"In an action involving state law claims, [federal courts] apply the law of the forum state to determine whether a party is entitled to attorneys' fees, unless it conflicts with a valid federal statute or procedural rule." *MRO Commc'ns v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir.1999). Under California law, "where the parties have contractually obligated themselves to pay attorneys' fees," Cal. Civ. Code § 1717 governs. *Farmers Ins. Exchange v. Law Offices of Conrado Joe Sayas, Jr.*, 250 F.3d 1234, 1237 (9th Cir. 2001). Section 1717 provides in relevant part:

> In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs.

Cal. Civ. Code § 1717(a).

2.   <u>Background</u>

On February 23, 2011, Rutherford entered into a written agreement with Palo Verde to serve as its Chief Financial Officer ("CFO") effective as of February 28, 2011. Dkt. 234-1 at 2. The agreement was approved by its Board of Directors ("Board"). *Id.* On February 24, 2011, Barth entered into a written agreement with Palo Verde to serve as its Chief Nursing Officer ("CNO") effective as of February 28, 2011. *Id.* at 2-3. Her contract was also approved by the Board. *Id.*[3]

Section 3 of the Employment Agreements is titled "Term of Employment." Dkt. 218 (Ex. B at 3) (Ex. C at 3). It provides:

> This Agreement shall be for a term of 2 years commencing the "Effective Date" unless terminated by either party in accordance with this agreement. Agreement will renew automatically for subsequent six month terms thereafter unless terminated in accordance with the terms of this Agreement.

*Id.*

Section 4 of the Employment Agreements is titled "Termination by District for Cause." It provides that the employee may be terminated for cause "at any time during this Agreement" based on "serious misconduct." Dkt. 218 (Ex. B at 3) (Ex. C at 3). Section 5 of the Employment Agreements is titled "Termination Without Cause." Dkt. 218 (Ex. B at 4) (Ex. C at 4). Section 5(a) of each of the Employment Agreements states:

> Notwithstanding Section 3(a), Employee may terminate his employment at will provided that he gives the President of the Board of Directors written notice of the same no less than 6 months prior to the effective date of the termination, or a reasonable plan of transition.

---

[3]  These two agreements are hereafter referred to as the "Employment Agreements."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
| --- | --- | --- | --- |
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

*Id.*

Section 5(b) of the Employment Agreements states, "Notwithstanding Section 3(a), District may terminate Employee's employment at will provided that it gives Employee severance of no less than 6 months compensation." *Id.*

At the February 19, 2013 Board meeting, which was open to the public, it was reported that the Board "voted 3-2 not to renew [Rutherford's] CFO contract set to expire on February 28, 2013" and "voted 3-2 not to renew [Barth's] CNO contract set to expire on February 28, 2013." Request for Judicial Notice, Dkt. 206-6 at 3. Defendant contends that, on February 20, 2013, Rutherford and Barth each received written notice from Palo Verde of these decisions. Declaration of Trina Sartin, Dkt. 206 (Ex. 3 at 3, 5).

Section 13 of the Employment Agreements is titled "Attorneys' Fees." Dkt. 218 (Ex. B at 6) (Ex. C at 6). It provides:

> If the services of an attorney are required by either party to secure the performance hereof, or otherwise upon the breach or default of either party, or if any juridical remedy or arbitration is necessary to enforce or interpret any provision of this Agreement, or the rights and duties of any person in relation thereof, the prevailing party shall be entitled to reasonable Attorney's fees.

*Id.*

In this action, Barth and Rutherford each brought claims for breach of written contract, alleging that because they were terminated without cause, they were entitled to severance. On June 26, 2014, Defendants moved for partial summary judgment as to these breach of contract claims. Dkt. 206. That motion was granted. Dkt. 320. That order concluded that, under the express terms of the Employment Agreements, they expired when Defendants opted not to renew them. Therefore, the "plain language" of the agreements demonstrated that no severance was required. *Id.* at 5.

### 3.   Amount Sought

As noted, Defendants seek a total of $76,601 in attorney's fees for prevailing on these breach of contract claims. This represents the lodestar amount of $56,288.50. That figure is based on charges for 260.5 hours by attorneys and a paralegal in connection with the defense of the claims, and $20,312.50 based on charges for 97.1 hours by attorneys in connection with for bringing the present motion. Counsel for Defendants reduced their hourly rates in this action because they were representing a public entity. The hourly rate for Maria Roberts was $215, and was $205 for all other attorneys.

Defendants submitted a table summarizing the fees sought in connection with the contract claims. Dkt. 531 (Ex. A). They also submitted copies of both spreadsheets summarizing these billing entries (*id.* (Ex. A-1)) and the underlying invoices. *Id.* (Ex. A-2).

The $76,601 is based on the time charges for performing the following work:

> **$19,601** for preparing a successful motion for partial summary judgment on the Barth/Rutherford contract claims. Ex. A, Task 6.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|----------|--------------------------|------|-----------------|
| Title    | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

**$21,225.50** for general case work, written discovery and related law and motion work on the Barth/Rutherford contract claims. Ex. A, Tasks 1-3 (actual billings were reduced by 60% in connection with the fee request).

**$15,462** for the contract-related portions of depositions and the preparation for them. Ex. A, Tasks 4 and 5 (actual billings were reduced by 50% in connection with the fee request).

**$20,312.50** in fees incurred in preparing the original attorney's fees motion in December 2014. Ex. A, Task 7.

Roberts Decl., Dkt. 531-2 ¶ 22.

As noted, the $76,601 is based on the work of several attorneys and a paralegal. Their respective hourly charges are as follows:

**Maria Roberts**: 173.6 hours working on (a) Motion for Partial Summary Judgment as to Barth/Rutherford contract claims; (b) general case work, written discovery and related motion work/meet and confer communications (as reduced by 60%); (c) preparing for, taking/defending relevant depositions (as reduced by 50%); (d) analyzing invoices, preparing detailed fee spreadsheets, reviewing the fee motion and preparing detailed declarations. **Total: $37,324.**

**Alison Adema**: 78.20 hours (a) preparing Motion for Summary Judgment and reply brief as to Barth/Rutherford contract claims; (b) general case work (as reduced by 60%); (c) preparing for, taking/defending relevant depositions (a reduced by 50%); (d) work on fee motion. **Total: $16,031.**

**Lauren Cartwright**: 59.8 hours working on the (a) Motion for Partial Summary Judgment as to Barth/Rutherford contract claims; and (b) work on instant fee motion. **Total: $12,259.**

**Laura Brandenberg**: 43.4 hours working on the (a) Motion for Partial Summary Judgment as to Barth/Rutherford contract claims; and (b) general case work, written discovery and related motion work/meet and confer communications. **Total: $8,897.**

**Ryan Blackstone Gardner**: 1.5 hours working on various deposition-related tasks. **Total: $307.50.**

**Paralegal**: 15.5 hours, as paralegal, assisting with discovery, motions, and extensive document productions. **Total: $1,782.50.**

Roberts Decl., Dkt. 531-2 ¶ 23.

4. <u>Application</u>

Having reviewed the foregoing matters, and determined a reasonable amount of time needed to present the successful motions for summary judgment on the parallel breach of contract claims brought by the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

two Plaintiffs, it is determined that a reasonable fee award is $19,981. This amount reflects $7740 in attorney's fees for Roberts, $6150 for Alison P. Adema, $2665 for Lauren C. Cartwright, $2460 for Laura M. Brandenberg, $0 for Ryan Blackstone-Gardner and $966 for the paralegal.

The requested hourly rates are reasonable, and are approved for purposes of Defendants' Motion. Indeed, based on the Court's familiarity with hourly rates in this District, they are below the market rates charged to non-public clients. However, the number of hours billed as to these two breach of contract claims is excessive. The breach of contract claims presented straightforward legal issues related to contract interpretation, modification, performance and breach. Ultimately, the motions turned on a determination as to whether the unambiguous terms of the contracts required severance payments.

Little discovery required to bring this motion. To be sure, it was reasonable to conduct some discovery to obtain the positions that each of these Plaintiffs would advance as to their respective claims. And, there was a need to respond to such discovery brought by these Plaintiffs. However, notwithstanding what could have been a short and focused period of discovery followed by the filing of the motion, Defendants waited approximately 11 months to file it. The longer claims are pending, the more work and resources they consume. There are also questions of efficiency raised by the use of five attorneys on the matters related to the single motion. Finally, a reduction is warranted based on a review of the materials filed in support of the motions.

Having considered all of the foregoing issues, the following table summarizes the fee awards on these two breach of contract claims:

| Attorney: Maria Roberts Hourly Rate: $215/hour | | | | |
|---|---|---|---|---|
| Task | Hours Bills | Reduction of Hours | Total Hours | Amount Awarded |
| Task 1: General Work on Barth/Rutherford Breach of Claims (Reduced by 60% of Actual Amount Billed) | 2 | 0 | 2 | $430 |
| Task 2: Discovery Motions/Disputes on Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | 12.8 | 10.8 | 2 | $430 |
| Task 3: Written Discovery on Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | 24.2 | 22.2 | 2 | $430 |
| Task 4: Miscellaneous Deposition Work on Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | 0 | 0 | 0 | $0 |
| Task 5: Deposition Discovery on Barth/Rutherford Breach of Contract Claims (Reduced by 50% of Actual Amount Billed | 70.2 | 66.2 | 4 | $860 |
| Task 6: Defendants' Motion for Partial Summary Judgment on Barth/Rutherford Contract Claims | 23.7 | 5.7 | 18 | $3870 |
| Task 7: Motion for Attorney's Fees on Barth/Rutherford | 40.7 | 32.7 | 8 | $1720 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | | Date | August 23, 2016 |
|---|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | | |

| Contract Claims Following Partial Summary Judgment | | | | |
|---|---|---|---|---|
| | | | | **Subtotal: $7740** |

| **Attorney: Alison P. Adema** Hourly Rate: $205/hour | | | | |
|---|---|---|---|---|
| **Task** | **Hours Bills** | **Reduction of Hours** | **Total Hours** | **Amount Awarded** |
| Task 1: General Work on Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | 14.4 | 9.4 | 5 | $1025 |
| Task 2: Discovery Motions/Disputes on Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | 10.5 | 8.5 | 2 | $410 |
| Task 3: Written Discovery on Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | 2.6 | .6 | 2 | $410 |
| Task 4: Miscellaneous Deposition Work on Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | 0 | 0 | 0 | $0 |
| Task 5: Deposition Discovery on Barth/Rutherford Breach of Contract Claims (Reduced by 50% of Actual Amount Billed | 0 | 0 | 0 | $0 |
| Task 6: Defendants' Motion for Partial Summary Judgment on Barth/Rutherford Contract Claims | 50.7 | 29.7 | 21 | $4305 |
| Task 7: Motion for Attorney's Fees on Barth/Rutherford Contract Claims Following Partial Summary Judgment | 0 | 0 | 0 | $0 |
| | | | | **Subtotal: $6150** |

| **Attorney: Lauren C. Cartwright** Hourly Rate: $205/hour | | | | |
|---|---|---|---|---|
| **Task** | **Hours Bills** | **Reduction of Hours** | **Total Hours** | **Amount Awarded** |
| Task 1: General Work on Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | 0 | 0 | 0 | $0 |
| Task 2: Discovery Motions/Disputes on Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | 0 | 0 | 0 | $0 |
| Task 3: Written Discovery on Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | 0 | 0 | 0 | $0 |
| Task 4: Miscellaneous Deposition Work on Barth/Rutherford Breach of Contract Claims (Reduced | 0 | 0 | 0 | $0 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

| | | | |
|---|---|---|---|
| by 60% of Actual Amount Billed) | | | |
| Task 5: Deposition Discovery on Barth/Rutherford Breach of Contract Claims (Reduced 50% of Actual Amount Billed | 0 | 0 | 0 | $0 |
| Task 6: Defendants' Motion for Partial Summary Judgment on Barth/Rutherford Contract Claims | 6.3 | 4.3 | 2 | $410 |
| Task 7: Motion for Attorney's Fees on Barth/Rutherford Contract Claims Following Partial Summary Judgment | 53.5 | 42.5 | 11 | $2255 |
| | | | Subtotal: $2665 |

| **Attorney: Laura M. Brandenberg** Hourly Rate: $205/hour | | | | |
|---|---|---|---|---|
| **Task** | **Hours Bills** | **Reduction of Hours** | **Total Hours** | **Amount Awarded** |
| Task 1: General Work on Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | 1.5 | 1.5 | 0 | $0 |
| Task 2: Discovery Motions/Disputes on Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | 16 | 14 | 2 | $410 |
| Task 3: Written Discovery on Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | 8.9 | 6.9 | 2 | $410 |
| Task 4: Miscellaneous Deposition Work on Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | .5 | .5 | 0 | $0 |
| Task 5: Deposition Discovery on Barth/Rutherford Breach of Contract Claims (Reduced by 50% of Actual Amount Billed | 1.3 | 0 | 1.3 | $266.50 |
| Task 6: Defendants' Motion for Partial Summary Judgment on Barth/Rutherford Contract Claims | 12.3 | 6.3 | 6 | $1230 |
| Task 7: Motion for Attorney's Fees on Barth/Rutherford Contract Claims Following Partial Summary Judgment | 2.9 | 2.2 | .7 | $143.50 |
| | | | Subtotal: $2460 |

| **Attorney: Ryan Blackstone-Gardner** Hourly Rate: $205/hour | | | | |
|---|---|---|---|---|
| **Task** | **Hours Bills** | **Reduction of Hours** | **Total Hours** | **Amount Awarded** |
| Task 1: General Work on Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | 0 | 0 | 0 | $0 |
| Task 2: Discovery Motions/Disputes on | 1.5 | 1.5 | 0 | $0 |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

| | | | |
|---|---|---|---|
| Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | | | |
| Task 3: Written Discovery on Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | 0 | 0 | 0 | $0 |
| Task 4: Miscellaneous Deposition Work on Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | 0 | 0 | 0 | $0 |
| Task 5: Deposition Discovery on Barth/Rutherford Breach of Contract Claims (Reduced by 50% of Actual Amount Billed | 0 | 0 | 0 | $0 |
| Task 6: Defendants' Motion for Partial Summary Judgment on Barth/Rutherford Contract Claims | 0 | 0 | 0 | $0 |
| Task 7: Motion for Attorney's Fees on Barth/Rutherford Contract Claims Following Partial Summary Judgment | 0 | 0 | 0 | $0 |
| | | | Subtotal: $0 |

**Paralegal**
Hourly Rate: $115/hour

| Task | Hours Bills | Reduction of Hours | Total Hours | Amount Awarded |
|---|---|---|---|---|
| Task 1: General Work on Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | 4.1 | 1.1 | 3 | $345 |
| Task 2: Discovery Motions/Disputes on Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | .8 | 0 | .8 | $92 |
| Task 3: Written Discovery on Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | 8 | 6 | 2 | $230 |
| Task 4: Miscellaneous Deposition Work on Barth/Rutherford Breach of Contract Claims (Reduced by 60% of Actual Amount Billed) | 0 | 0 | 0 | $0 |
| Task 5: Deposition Discovery on Barth/Rutherford Breach of Contract Claims (Reduced by 50% of Actual Amount Billed | 0 | 0 | 0 | $0 |
| Task 6: Defendants' Motion for Partial Summary Judgment on Barth/Rutherford Contract Claims | 2.6 | 0 | 2.6 | $299 |
| Task 7: Motion for Attorney's Fees on Barth/Rutherford Contract Claims Following Partial Summary Judgment | 0 | 0 | 0 | $0 |
| | | | Subtotal: $966 |

**Total Amount of Attorney's Fees Awarded Pursuant to Cal. Civ. Code § 1717**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

| Attorney | Amount Awarded |
|---|---|
| Maria Roberts | $7740 |
| Alison P. Adema | $6150 |
| Lauren C. Cartwright | $2665 |
| Laura M. Brandenberg | $2460 |
| Ryan Blackstone-Gardner | $0 |
| Paralegal | $966 |
| | **Total: $19,981** |

Defendants' Motion is thus **GRANTED IN PART and DENIED IN PART** as to its request for fees pursuant to Cal. Civ. Code § 1717.

> C.      Attorney's Fees Sought Pursuant to Cal. Code Civ. P. § 1038

Defendants seek an award of $59,087 in attorney's fees based on their successful defense of Barth's claim of retaliation. That claim was brought pursuant to Cal. Lab. Code § 1102.5(b).

> 1.      Legal Standard

Cal. Code Civ. Proc. § 1038 permits a public entity to recover attorney's fees if it prevails on a claim brought under the Government Claims Act. Section 1038 provides that fees can be awarded where a trial court determines that the action was "not brought in good faith and with reasonable cause." The purpose of this section is to "provid[e] public entities with a protective remedy for defending against unmeritorious litigation." *Austin B. v. Escondido Union School District*, 149 Cal. App. 4th 860, 887 (2007); *see also Clark v. Optical Coating Laboratory, Inc.*, 165 Cal. App. 4th 150, 183 (2008) ("Section 1038 provides a way for public entities, who are barred from bringing malicious prosecution suits, to recover the cost of defending frivolous suits.").

Reasonable cause is determined under an objective standard. Thus, "whether any reasonable attorney would have thought the claim tenable." *Kobzoff v. Los Angeles Cty. Harbor/UCLA Med. Ctr.*, 19 Cal. 4th 851, 857 (1998) (internal quotation marks omitted). As that decision explained:

> The easy case for lack of reasonable cause is one in which the plaintiff (and thus his or her attorney) can be shown to have been aware that an element of the cause of action was missing. If a legislative purpose to protect public entities from meritless claims is to be served, a plaintiff must bear a burden of investigation sufficient to establish at least a basis for reasonable belief that all elements exist. Abstract hope is not reasonable belief: Under section 1038 a plaintiff who lacks even the basis for a reasonable belief in the existence of all essential elements of his or her claim cannot simply name every conceivable defendant and rely on what future discovery may turn up.

*Id.* (internal quotation marks and citations omitted).

> 2.      Background

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

As noted, Barth brought the underlying claim pursuant to Cal. Lab. Code § 1102.5(b). It provides:

> An employer, or any person acting on behalf of the employer, shall not retaliate against an employee for disclosing information, or because the employer believes that the employee disclosed or may disclose information, to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, or for providing information to, or testifying before, any public body conducting an investigation, hearing, or inquiry, if the employee has reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation of or noncompliance with a local, state, or federal rule or regulation, regardless of whether disclosing the information is part of the employee's job duties.

"The elements of a section 1102.5(b) retaliation cause of action require that (1) the plaintiff establish a prima facie case of retaliation, (2) the defendant provide a legitimate, nonretaliatory explanation for its acts, and (3) the plaintiff show this explanation is merely a pretext for the retaliation." *Patten v. Grant Joint Union High Sch. Dist.*, 134 Cal. App. 4th 1378, 1384 (2005). To establish a prima facie case for retaliation, "a plaintiff must show (1) she engaged in a protected activity, (2) her employer subjected her to an adverse employment action, and (3) there is a causal link between the two." *Id.*

On March 13, 2015, Defendants' motion for summary judgment was granted as to Barth's Section 1102.5 claim. Dkt. 408. That Order concluded that Barth "failed to present any evidence demonstrating a triable issue of fact that she was involved in the investigation or reporting at issue." Dkt. 408 at 33. Nor had Barth "presented any evidence that the Board members knew about her interview with the District Attorney's office." *Id.* These were required bases for her claim.

> 3.   <u>Amount Sought</u>

The $59,087 in requested fees is comprised of $49,309.50 incurred in defending the Section 1102.5 claim, and $9775.50 in bringing the present motion for a fee award. The same hourly rates described above were applied in making these calculations. Defendants submitted a table summarizing the requested fees. Dkt. 531 (Ex. B). Defendants also submitted copies of spreadsheets summarizing these billing entries (*id.* (Ex. B-1)), as well copies of the underlying invoices. *Id.* (Ex. B-2).

The separate tasks and related fees associated with the $59,087 request are as follows:

> **$20,600** in preparing successful motions to dismiss. Ex. B, Tasks 8 and 9.

> **$28,709.50** in preparing the portion of the motion for summary judgment related to the §1102.5 claim. Ex. B, Task 10.

> **$9775.50** which is 50% of the estimated fees incurred in preparing the instant motion. Task 11.

Roberts Decl., Dkt. 531-2 ¶ 28.

The $59,087 is allocated as follows:

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

**Maria Roberts:** 86.40 hours reviewing, revising and supplementing three motions by PVHD to dismiss Barth's retaliation claim; PVHD's motion for summary judgment as to Barth's retaliation claim; preparing for, traveling to Los Angeles and attending hearings on these motions; and 50% of the time I spent on preparing this motion for fees and the supporting documents. **Total: $18,576.**

**Laura Brandenberg:** 110.3 hours analyzing Barth's pled and repled retaliation claim; reviewing Barth's three opposition briefs and preparing three reply briefs; conducting legal research, analysis and preparing three motions to dismiss Barth's retaliation claim and conducting research and preparing the motion for summary judgment as to Barth's 1102.5 claim. **Total: $22,611.50.**

**Ryan Blackstone Gardner:** 13.9 hours reviewing and analyzing Barth's opposition to the summary judgment motion as to the retaliation claims, preparing the reply brief and assisting with the preparation for the hearing on the motion for summary judgment. **Total: $2,849.50.**

**Andrew Myers:** 25.3 hours reviewing Plaintiffs' 100 plus page response separate statement filed in response to PVHD's separate statement, checking evidence and law cited, and preparing 100 plus page reply separate statements, as well as extensive objections to evidence. **Total: $5,186.50.**

**Michael Healy:** 12.6 hours assisting with the evidence in moving for summary judgment as to the retaliation claim and preparing the reply brief. **Total: $2,583.**

**Lauren Cartwright:** 22.5 hours which is 50% of the 45 hours spent in preparing the instant motion for fees and 50% of the estimated 24 hours expected to be spent reviewing the opposition and preparing the reply brief. **Total: $4,612.50.**

**Paralegal:** 23.2 hours assisting with evidence, pulling exhibits and other support related to the dispositive motions and 50% of the 30 hours spent assisting with tables and preparing spreadsheets on the instant fee motion. **Total: $2,668.**

Roberts Decl., Dkt. 531-2 ¶ 29.

4.    Application

A fee motion brought by a defendant pursuant to Section 1038 may be denied if court determines that the plaintiff brought or maintained the claim both in subjective good faith and with objective reasonable cause. *Laabs v. City of Victorville*, 163 Cal. App. 4th 1242, 1271 (2008) (citing *Kobzoff*, 19 Cal. 4th at 862). Therefore, that a defendant prevailed on a motion for summary judgment is not a *per se* basis for a fee award. "[V]ictory does not per se indicate lack of reasonable cause. That victory is simply the first step." *Kobzoff*, 19 Cal. 4th at 856.

A review of the materials filed in connection with the fee request, as well as the record in this matter that relates to the underlying claim, including the basis for granting summary judgment, shows that the standards for an award of fees have not been met. Although Defendants prevailed on their motion, there

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | | Date | August 23, 2016 |
|---|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | | |

is insufficient evidence to support a finding that Barth advanced the claim in bad faith or without reasonable cause. *See Knight v. City of Capitola*, 4 Cal. App. 4th 918, 932 (1992), *disapproved of on other grounds by Reid v. Google, Inc.*, 50 Cal. 4th 512, 113 (2010) ("Reasonable cause is to be determined objectively, as a matter of law, on the basis of the facts known to the plaintiff when he or she filed or maintained the action."). Nor is there sufficient evidence that Barth acted in bad faith. *See id.* ("Good faith, or its absence, involves a factual inquiry into the plaintiff's subjective state of mind.").

In May 2012, the Board gave Klune the authority to adopt a new, legally-compliant patient transfer policy. This change could have resulted in adverse financial consequences to certain members of the Board who had derived income through patient transfers under the existing policy. Barth drafted the new policy. She claimed that her role in its adoption led to her termination. These facts are sufficient to show that the claim satisfies the objectively reasonable test.

For the foregoing reasons, Defendants' Motion is **DENIED** as to its request for fees pursuant to Cal. Code Civ. P. § 1038.

### D.    Attorney's Fees Sought Pursuant to 42 U.S.C. 1988

Defendants seek an award of $64,690.50 in attorney's fees because they prevailed on Plaintiffs' claims under 42 U.S.C. §1983. Defendants seek to have this amount allocated equally among the three Plaintiffs.

### 1.    Legal Standard

42 U.S.C. § 1988(b) provides:

> In any action or proceeding to enforce a provision of sections . . . 1983 . . . the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . .

The purpose of this statute is "to protect defendants from burdensome litigation having no legal or factual basis." *Christiansburg Garment Co. v. Equal Emp't Opportunity Comm'n*, 434 U.S. 412, 420 (1978). "Such awards should be permitted not routinely, not simply because he succeeds, but only where the action brought is found to be unreasonable, frivolous, meritless or vexatious." *Id.* at 421 (internal quotation marks omitted). An action is frivolous when the result appears obvious or the arguments in support of a claim are wholly without merit. *Galen v. Cnty. of Los Angeles*, 477 F.3d 652, 666 (9th Cir. 2007). Further, a defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at its inception. *Id.*

### 2.    Background

To advance a claim under 42 U.S.C. § 1983, a plaintiff must allege facts that, if established, would show his or her Constitutional or other federal rights were violated by the conduct of a person who was acting under color of law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). To obtain relief on a procedural due process claim, the plaintiff must establish the existence of (1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

*Shanks v. Dressel*, 540 F.3d 1082, 1090 (9th Cir. 2008). "Not every procedural requirement ordained by state law, however, creates a substantive property interest entitled to constitutional protection." *Id.* at 1091. "Only if the governing statute compels a result upon compliance with certain criteria, none of which involve the exercise of discretion by the reviewing body, does it create a constitutionally protected property interest." *Id.* (internal quotation marks omitted).

The Section 1983 claims advanced in this action were based on alleged violations of property and liberty interests. First, Plaintiffs alleged that each had a property interest in the severance payment provided in their respective employment agreements. These claims were dismissed with prejudice in the Order that addressed Defendants' motion to dismiss the First Amended Complaint. Dkt. 180 at 5. That Order explained that the core allegations were the same as those presented in the Complaint that was previously dismissed. *Id.* Therefore, there was no basis on which they could survive as presented in the First Amended Complaint. As the Order explained:

> In its prior order, the Court considered Plaintiffs' contention that they had a property interest in the severance payments assured in their respective employment contracts with Palo Verde. *See* Dkt. 43 at 13-15. That Order concludes that "the promise of a severance payment did not give rise to a cognizable property interest." *Id.* at 14. Because the FAC merely reasserts Plaintiffs' allegation that each has been deprived of a property interest as a result of the denial of severance payments, it fails for the same reasons discussed in the prior Order, which are incorporated by this reference.

*Id.*

Second, Plaintiffs alleged that Defendants deprived them of a liberty interest by denying them the right to a public hearing with respect to the termination of employment. Thus, they argued that, because the basis for their termination was not stated in a setting in which they could have responded, they suffered stigmatizing effects of Defendants' statements about the reasons for their termination. The claims premised on the liberty interests were dismissed in the Order on Defendants' motion for summary judgment. Dkt. 408. That Order explained that there were several reasons that the claims failed. These included that most of the statements about Plaintiffs were not publicly disclosed and that there was no evidence of a temporal nexus between the alleged adverse statements and the termination of the employment of any of the Plaintiffs.[4]

---

[4] Specifically, the Order concluded that the evidence presented by Plaintiffs in response to the motion for summary judgment failed to create a triable issue as to whether Hudson or Sartin made any disparaging public statements about Rutherford or Barth concerning marital infidelity. *Id.* at 11-13. Similarly, it concluded that there was not sufficient evidence as to any temporal nexus between such alleged statements and the termination of their respective employment. *Id.* at 11-13. As to assertions of charges of alleged dishonesty and complicity in illegal kickbacks, the evidence failed to create a triable issue of material fact of stigmatizing statements published in the course of termination. *Id.* at 14. As to Klune's claim, the Order found that a sworn statement made months before Klune's termination by Hudson did not constitute an assertion that he had been complicit in a kickback scheme. Similarly, the Order rejected Klune's reliance on the content of a December 28, 2012 newspaper article, explaining that it did not contain a stigmatizing statement about Klune, and that there was no evidence that Defendants caused its publication. Therefore, it could not be deemed a statement by a government official.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

3.  <u>Amount Sought</u>

Defendants seek $64,690.50 in attorney's fees in association with these claims. This represents $54,915 incurred defending the Section 1983 claims and $9775.50 in connection with the present fee motion. Once again, Defendants submitted a table summarizing the fees. Dkt. 531 (Ex. C). They also submitted copies of spreadsheets summarizing the billing entries (*id.* (Ex. C-1)) as well as copies of the underlying invoices. *Id.* (C-2).

The $64,690.50 sought in fees is allocated among the following:

**$27,699** preparing two successful motions to dismiss. Ex. C, Tasks 12, 14.

**$3,186.50** opposing Plaintiffs' motion for leave to file a second amended complaint to amend their 1983 claim.

**$24,029.50** preparing the portion of PVHD's successful motion for summary judgment related to the 1983 claims. Ex. C, Task 15.

**$9,775.50** in fees, which is 50% of our best estimate of the fees incurred in preparing the instant fee motion and supporting documents. Ex. C, Task 17.

Roberts Decl., Dkt. 531-2 ¶ 33.

The $64,690.50 in fees allocated among the attorneys as follows:

**Maria Roberts**: 91.4 hours reviewing, revising and supplementing three motions by PVHD to dismiss the 1983/punitive damages claims; PVHD's motion for summary judgment as to the 1983/punitive damages claims; preparing for, traveling to Los Angeles and attending hearings on these motions; and 50% of the time I spent on preparing this motion for fees and the supporting documents, the reply brief and attending a hearing on same. **Total: $19,651.**

**Alison Adema**: 173 hours analyzing Plaintiffs 1983 and punitive damages claims as pled and repled in four different complaints; reviewing Plaintiffs' opposition briefs to these motions and preparing reply briefs; opposing Plaintiffs' motion for leave to amend their 1983 claim; conducting legal research, analysis and preparing a motion for summary judgment and supporting pleadings as to the 1983 claims and reviewing the opposition and preparing the reply brief and for each hearing. **Total: $35,465.**

**Laura Brandenberg**: 10.2 hours providing assistance on the various motions to dismiss as to the 1983 claims. **Total: $2,091.**

**Ryan Blackstone**: 3.3 hours assisting with summary judgment and preparing the reply brief. **Total: $676.50.**

**Michael Healy**: 2.3 hours assisting with the evidence in moving for summary judgment and preparing the reply brief. **Total: $471.50.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|----------|--------------------------|------|-----------------|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

**Lauren Cartwright**: 22.5 hours which is 50% of the 45 hours spent in preparing the instant motion for fees and 50% of the estimated 24 hours expected to be spent reviewing the opposition and preparing the reply brief. **Total: $4,612.50.**

**Paralegal**: 23.2 hours assisting with evidence, pulling exhibits and other support related to the dispositive motions and 50% of the 30 hours spent assisting with tables and preparing spreadsheets on the instant fee motion. **Total: $2,668.**[5]

*Id.* ¶ 34.

        4.    <u>Application</u>

Attorney's fees may be awarded to a prevailing defendant pursuant to 42 U.S.C. § 1988 if the plaintiff's actions were "unreasonable, frivolous, meritless, or vexatious." *Christiansburg*, 434 U.S. at 420. A defendant can recover if the plaintiff violates this standard at any point during the litigation, not just at its inception. *Id.* at 422.

An application of the relevant facts to the governing standards shows that Defendants are entitled to an award of attorney's fees pursuant to Section 1988, but only as to the claims based on an alleged denial of a property interest. Plaintiffs acted frivolously by reasserting these claims in the First Amended Complaint without making any material change to the allegations of the Complaint. As noted, this tenuous cause of action as advanced in the Complaint had been dismissed for failure to state a claim. The corresponding Order stated that the "promise of a severance payment did not give rise to a cognizable property interest." Dkt. 43 at 13-15. The Order dismissing this cause of action as presented in the First Amended Complaint referred to this significant deficiency:

> In its prior order, the Court considered Plaintiffs' contention that they had a property interest in the severance payments assured in their respective employment contracts with Palo Verde. *See* Dkt. 43 at 13-15. That Order concludes that "the promise of a severance payment did not give rise to a cognizable property interest." *Id.* at 14. Because the FAC merely reasserts Plaintiffs' allegation that each has been deprived of a property interest as a result of the denial of severance payments, it fails for the same reasons discussed in the prior Order, which are incorporated by this reference.

Dkt. 180 at 5.

As a result, it is appropriate to award Defendants reasonable attorney's fees for the work associated with bringing this portion of their motion to dismiss the First Amended Complaint. Defendants request $8154.50 in fees for that work. Dkt. 534-3 (Task 12). This represents 39.1 hours apportioned among three attorneys. *Id.* However, Defendants' motion to dismiss (Dkt. 61) was not limited to the Section 1983 claims based on a deprivation of property interest. It also addressed the Section 1983 claim based on an alleged deprivation of liberty interests. In light of this, it is reasonable to award $3750 for this work. The calculation of that figure is summarized in the following table:

---

[5] These are the figures submitted by counsel. *See* Roberts Decl., Dkt. 531-2 ¶ 34. There is an inconsistency in the calculations. The sum of the amounts per attorney is $65,635.50 rather than the $64,690.50 amount that is stated.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

| Task 12: Motion to Dismiss the First Amended Complaint (Dkt. 61) | | | | | |
|---|---|---|---|---|---|
| Attorney | Hourly Rate | Hours Billed | Reduction of Hours | Total Hours | Amount Awarded |
| Maria C. Roberts | $215 | 13.9 | 7.9 | 6 | $1290 |
| Alison P. Adema | $205 | 15 | 9 | 6 | $1230 |
| Laura M. Brandenberg | $205 | 10.2 | 4.2 | 6 | $1230 |
| | | | | | Total: $3750 |

Defendants are not entitled to an award of attorney's fees pursuant to Section 1988 with respect to the other claims asserted. The Ninth Circuit has made clear that attorney's fees in civil rights cases "should only be awarded to a defendant in exceptional circumstances." *Saman v. Robbins*, 173 F.3d 1150, 1157 (9th Cir.1999) (quoting *Barry v. Fowler*, 902 F.2d 770, 773 (9th Cir.1990)). As the Supreme Court explained in *Christiansburg*:

> [I]t is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. . . . Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing a suit.

434 U.S. at 421-22.

A consideration of the record here shows that Plaintiffs could have reasonably believed that they had grounds to pursue their §1983 claims based on the alleged denial of liberty interests. Plaintiffs submitted evidence regarding statements made as to certain matters that could reasonably be deemed stigmatizing. This included comments about alleged marital infidelity, dishonesty and participation in a kickback scheme. Although none of the evidence was sufficient to show a triable issue of fact, that determination was based in part on the finding that these statements had not been "published" in a manner necessary to state a claim under § 1983. The Order also noted that the Ninth Circuit had not expressly determined the scope of a "public disclosure" of negative remarks that would require a public proceeding and opportunity for a response.

For the foregoing reasons, Defendants' Motion is **GRANTED IN PART and DENIED IN PART** as to its request for fees pursuant to 42 U.S.C. § 1988.

## IV.   **Klune's Motion**

A.   Legal Standard

A contract may provide for an award of attorney's fees to the prevailing party in any dispute as to the enforcement of its terms. Employment Agreements, §13 (Dkt. 218 (Ex. B at 6) (Ex. C at 6)). Such a provision is enforceable under Cal. Civ. Code § 1717. The applicable legal standards that apply to such a request are forth above. *See* § III.B. 3, *supra*.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|----------|-------------------------|------|-----------------|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

B.      Background

Klune and Defendants brought cross-motions for partial summary judgment as to his breach of contract claims. Dkt. 350 (Klune's motion); Dkt. 358 (Defendants' motion). Under the terms of Klune's Employment Agreement, if Palo Verde terminated his employment at will, it was required to make a severance payment equal to 12 months of his compensation at the time of termination. Employment Agreement § 5(b) (Dkt. 350 (Ex. 1 at 4)).

On January 22, 2013, the Board met in closed session. During a later open session, the Board reported that it had voted to terminate Klune's employment, effective immediately. Request for Judicial Notice, Dkt. 358 (Ex. B). On January 31, 2013, Jeffrey Scott, counsel for Palo Verde, sent Klune an email which stated, "[t]his will also confirm that the Board action on January 22, 2013 was to terminate your Employment Contract 'without cause.'" Dkt. 350 (Ex. 3).

The Order granting Klune's motion for summary judgment as to this cause of action states:

> It is undisputed that Klune was terminated "without cause" on January 22, 2013. Counsel for Palo Verde, acting on behalf of his client, sent an email to Klune about his termination. It states that his termination was "without cause." Dkt. 350, Ex. 3.

Dkt. 408 at 35.

As to damages, the same Order determined that Klune's contract provided a specified amount of severance payment due upon a termination without cause. This was 12 months of compensation at the salary in place at the time of termination. *Id.* at 36. Klune's salary at that time was $440,648. Judgment was subsequently entered for Klune in that amount, along with prejudgment interest in the amount of $124,104.16. Dkt. 526 at 2. Judgment was entered in favor of Defendants as to all other claims advanced by Klune. *Id*

C.      Amount Sought

Based on his successful breach of contract claim, Klune seeks attorney's fees of $492,542.71. Dkt. 533-1 at 15. This represents approximately 1180 hours of the work by approximately 13 attorneys and four paralegals. *Id.* The amount sought reflects hourly rates ranging from $125 to $400 per hour. *Id.* In support of Klune's Motion a summary of tasks (*id.* (Ex. 4)) as well as a summary of hours worked per attorney/paralegal were submitted. *Id.* (Ex. 5). Klune submitted more detailed billing summaries with his reply memorandum. *See* Dkt. 543 (Ex. R-4, R-5, R-6). As discussed below, Defendants argue that these exhibits should be stricken because they were not timely served on Defendants, *i.e.*, when Klune's Motion was filed, and because the more detailed billing summaries were not submitted in connection with the original billing ledgers from which they were derived. Dkt. 551. As of the time of the March 21, 2016 hearing, Klune's counsel had not submitted original billing records.[6]

---

[6] Based on Defendants' objection, and to permit them access to the evidence offered by Plaintiff in support of the compilations, Plaintiff was instructed to file copies of the supporting billing information. Dkt. 566. After Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

D.     Application

A reasonable award for attorney's fees as to Klune's breach of contract claims is $31,025. This amount includes $4875 for general case work, $2300 for Klune's opposition to Defendants' motion for summary judgment as to this claim, $18,975 for Klune's motion for summary judgment as to this claim, and $4875 for the present motion for attorney's fees. The proposed, respective hourly rates of each of these attorneys is reasonable; all are approved for purposes of Klune's Motion.

Plainly unreasonable in the overall fee request is the number of hours for which compensation is sought. The analysis used in considering Defendants' parallel motion as to the claims of Barth and Rutherford applies here. Klune's motion was not complex. Nor did it require a substantial amount of discovery. And, it could have been brought much sooner in the litigation. Thus, it presented straightforward legal issues to which a modest amount of factual evidence was applied. Yet, the motion was not brought until after the action had been pending for approximately 18 months. All of these factors demonstrate the unreasonableness of the fee request. For example, the number of hours sought is based in part on an allocation of the time worked on all matters in the case. But, if the motion had been brought sooner, the amount of time that had been expended on all issues would have been substantially less. Nor was it reasonable to have 13 attorneys and four paralegals work on this single claim.

This analysis is confirmed by a consideration of the motion itself. The supporting memorandum was nine pages long. Dkt. 350. The reply in support of the motion was also nine pages long. Dkt. 382. The Statement of Undisputed facts presented just ten facts. Dkt. 350-2. Yet, Klune seeks an award of fees that are based on approximately 1180 hours. Dkt. 533-1 at 15 ("[A]s of the date the Court issued its memorandum of decision (August 20, 2015) [Plaintiff's'] firm had spent in excess of 5,750 hours in attorney and paralegal time in representing Klune, Barth and Rutherford. Based upon the apportionment described above, however, Klune is requesting the Court to award fees for only approximately 1180 of those hours.") This reflects a request for the fees on the successful motion for partial summary judgment of approximately 20% of all work performed in the case as of August 20, 2015. This is not reasonable. Nor is there a justification to spend $492,542.71 in fees, seeking to recover damages of $440,648, notwithstanding the possible award of prejudgment interest.

The chart below summarizes the fee award. It is based on a review of the evidence presented as to the number of hours spent by Klune's counsel on tasks associated with the motion for partial summary judgment. This includes time at the hearing on the motion, the time spent on the dispute over the terms of the judgment, and the time spent for bringing the present motion for fees. These fees also include a portion of the time dedicated to general work on the case, inasmuch as it was appropriate to seek documents, at least one deposition, and some further focused discovery prior to bringing the motion for partial summary judgment.[7]

---

complied with this Order (Dkt. 567), Defendants responded. Dkt. 568. Defendants' position was considered in connection with the present ruling on Klune's Motion.

[7]  Klune seeks an award of attorney's fees totaling $492,542.71. When the attorney's fees sought for Klune's motion for summary judgment ($51,300), his opposition to Defendants' motion for summary judgment ($71,077.50), and his present motion for attorney's fees ($53,767.50) are subtracted, Klune seeks a total of $316,397.71 in attorney's fees for what can best be summarized as "general case work." This includes Klune's request for costs associated with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

At the March 21, 2016 hearing, Plaintiff's counsel noted that they also had to oppose Defendants' cross-motion for summary judgment on this claim. The awarded fees account for this work. Only a modest portion has been included because of the complete overlap in legal and factual issues on the two mirror-image motions. *Compare* Plaintiff's motion for partial summary judgment, Dkt. 350 *with* Plaintiff's opposition to Defendants' motion for partial summary judgment, Dkt. 367 at 11-16.

The awarded hours along with those requested are as follows:

| Attorney's Fees Awarded for General Case Work | | | |
|---|---|---|---|
| Attorney | Hourly Rate | Total Hours | Amount Awarded |
| Ray Artiano | $400 | 5 | $2000 |
| Ljubisa Kostic | $350 | 5 | $1750 |
| Melissa A. Lewis | $225 | 5 | $1125 |
| | | | Subtotal: $4875 |

| Attorney's Fees Awarded for Klune's Opposition to Defendants' Motion for Summary Judgment (Dkt. 533-6, Task 11) | | | | | |
|---|---|---|---|---|---|
| Attorney | Hourly Rate | Hours Billed | Reduction in Hours | Total Hours | Amount Awarded |
| Ray Artiano | $400 | 14.5 | 14.5 | 0 | $0 |
| Ljubisa Kostic | $350 | 136.6 | 132.6 | 4 | $1400 |
| Christina Cameron | $275 | 5.1 | 5.1 | 0 | $0 |
| David N. Israel | $225 | 17.8 | 17.8 | 0 | $0 |
| Melissa A. Lewis | $225 | 53.6 | 49.6 | 4 | $900 |
| | | | | | Subtotal: $2300 |

| Attorney's Fees Awarded for Klune's Motion for Summary Judgment (Dkt. 533-6, Task 19) | | | | | |
|---|---|---|---|---|---|
| Attorney | Hourly Rate | Hours Billed | Reduction in Hours | Total Hours | Amount Awarded |
| Ray Artiano | $400 | 68.8 | 48.8 | 20 | $8000 |
| Ljubisa Kostic | $350 | 37.5 | 17.5 | 20 | $7000 |
| Christina Cameron | $275 | 6.1 | 3.1 | 3 | $825 |

"client communications," "discovery," "hearings," "research," "correspondence," "in house meetings," "pleadings/ct notices," "investigation," "document review," "travel," "deposition summaries," "miscellaneous," "discovery disputes," "mediation," "depositions and preparation," "work with experts," "arbitration," "Rule 16 report," "case intake" "Rule 16 scheduling conference," et al. *See* Dkt. 533-6 (Ex. 4). At an average hourly rate of $300 per hour, this would represent approximately 1054 hours for general case work. Given the limited scope of the facts, deposition testimony and discovery needed to support Klune's motion for summary judgment as to his breach of contract claim, this request is unreasonable.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

| | | | | | |
|---|---|---|---|---|---|
| David N. Israel | $225 | 9.4 | 5.4 | 4 | $900 |
| Melissa A. Lewis | $225 | 30.5 | 20.5 | 10 | $2250 |
| | | | | | Subtotal: $18,975[8] |

| Attorney's Fees Awarded for Klune's Motion for Attorney's Fees (Dkt. 533-6, Task 54) | | | | | |
|---|---|---|---|---|---|
| **Attorney** | **Hourly Rate** | **Hours Billed** | **Reduction in Hours** | **Total Hours** | **Amount Awarded** |
| Ray Artiano | $400 | 37.9 | 33.9 | 4 | $1600 |
| Ljubisa Kostic | $350 | 72.9 | 68.9 | 4 | $1400 |
| Omar T. Passons | $325 | 0.5 | 0.5 | 0 | $0 |
| Christina Cameron | $275 | 15 | 15 | 0 | $0 |
| Richard E. Romero | $275 | 0.5 | 0.5 | 0 | $0 |
| Mellisa A. Lewis | $225 | 2.8 | 2.8 | 0 | $0 |
| David N. Israel | $225 | 0.5 | 0.5 | 0 | $0 |
| Cory Lacey | $225 | 0.5 | 0.5 | 0 | $0 |
| Kaley Lichtman | $225 | 0.5 | 0.5 | 0 | $0 |
| Lesley A. Brothers (paralegal) | $125 | 60.6 | 45.6 | 15 | $1875 |

---

[8] Defendants argue that equitable considerations warrant a reduction of this lodestar amount. *See* Dkt. 541 at 28-29. They contend that, shortly after his termination, Klune purportedly rejected a settlement offer that included 12 months of severance pay. Therefore, they argue that his litigation efforts had a very limited value. *Id.* at 29. In support of this assertion, Defendants cite the declaration of Jeff Scott. Dkt. 541-3. At the time his declaration was made, Scott served as General Counsel for PVHD. *Id.* ¶ 1. It states:

> Following Peter Klune's termination by the Board of Directors of PVHD on January 22, 2013, I communicated with Mr. Klune about his claim that he was entitled to 12 months of severance under his employment agreement with PVHD. In an effort to reach a compromise, I provided Mr. Klune with a written proposal whereby PVHD would continue to pay him his base salary at the time over a period of 12 months as part of a severance proposal.

*Id.* ¶ 3. Defendants also cite deposition testimony in which Klune admits that he had "conversations" with Scott regarding this offer. Dkt. 541 (Ex. A) ("Q. Okay. And did Mr. Scott offer to pay you -- to have the health care district pay you 12 months' pay over a period of 12 months? A. Mr. Scott had, I believe, to the best of my recollection, forwarded me a draft document of some sort that purported to do that."). Klune then explains that the communications ended after the parties could not agree to certain terms. *Id.* at 4-5. Evidence that Klune rejected a pre-litigation offer in an amount equal to a judgment later obtained could warrant a reduction of the lodestar amount, and may be admitted pursuant to Fed. R. Evid. 408. *Cassino v. Reichhold Chemicals, Inc.*, 817 F.2d 1338, 1343 (9th Cir. 1987) (settlement offers "inadmissible to prove liability pursuant to Rule 408" but does not "bar relevant evidence concerning the circumstances of the termination itself simply because one party calls its communication with the other party a 'settlement offer'"); *see also Lohman v. Duryea Borough*, 574 F.3d 163, 167 (3d Cir. 2009) ("While evidence of settlement negotiations is inadmissible to prove the merit or lack of merit of a claim, the use of such evidence as bearing on the issue of what relief was sought by a plaintiff does not offend the clear terms of Rule 408. Such evidence can be relevant when comparing what a plaintiff "requested" to what the plaintiff was ultimately "awarded."). However, the evidence submitted by Defendants is ambiguous on the issue whether they presented Plaintiff with a firm offer, and what issues arose after it was made. It is also noteworthy that Defendants have not presented a copy of the "written proposal" to which Scott's declaration refers.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | ED CV13-01247 JAK (SPx) | | | Date | August 23, 2016 |
|---|---|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | | | |

| | | | | | |
|---|---|---|---|---|---|
| Patricia A. Morris (paralegal) | $125 | 0.5 | 0.5 | 0 | $0 |
| Sandra K. Connor (paralegal) | $125 | 0.5 | 0.5 | 0 | $0 |
| | | | | | Subtotal: $4875 |

| Total Amount of Attorney's Fees Awarded Pursuant to Cal. Civ. Code § 1717 | |
|---|---|
| **Task** | **Amount Awarded** |
| General Case Work | $4875 |
| Klune's Opposition to Defendants' Motion for Summary Judgment (Dkt. 533-6, Task 11) | $2300 |
| Klune's Motion for Summary Judgment (Dkt. 533-6, Task 19) | $18,975 |
| Klune's Motion for Attorney's Fees (Dkt. 533-6, Task 54) | $4875 |
| | **Total: $31,025** |

## V.   Defendants' Motion to Strike and Request for Sanctions

Following the briefing of the attorney's fees motions, Defendants filed a motion to strike billing summaries submitted with Klune's reply memorandum and certain communications whose disclosure allegedly violated the mediation privilege.[9] These issues are addressed in this sequence.

### A.   Billing Summaries

The Court's Standing Orders require that Excel spreadsheets containing time entries for which fees are sought be emailed to the Court within 24 hours of filing. S.O. (Ex. H). Klune purportedly emailed these Excel spreadsheets to the Court in a timely fashion after filing his motion for attorney's fees. However, he did not serve the Excel spreadsheets on Defendants. After Defendants raised issues as to the lack of detailed records supporting Klune's request for attorney's fees, Klune attached the Excel spreadsheets to his reply memorandum in support of his motion for attorney's fees. They were then served on Defendants. *See* Dkt. 543 (Ex. R-4, R-5, R-6).

Defendants argue that these Excel spreadsheet exhibits should be stricken because they were not served on Defendants when Klune filed his motion for attorney's fees. Defendants cite Local Rule 7-5, which requires that all evidence in support of a motion be filed and served. Defendants also argue that these exhibits should be stricken because it is not appropriate to present new evidence in a reply. *See In re Hansen Natural Corp. Secs. Litig.,* 527 F. Supp. 2d 1142, 1150 (C.D. Cal 2007) (citing *United States v. Patterson*, 230 F.3d 1168, 1172 n.3 (9th Cir.2000)). Defendants contend that Plaintiff's failure timely to serve these exhibits, which consist of hundreds of pages, caused them undue prejudice. They claim that they did not have a fair opportunity to review or analyze them in responding to Plaintiff's calculation of

---

[9] Prior to filing their Motion to Strike, Defendants filed an ex parte application to strike the same communications. Dkt. 545. That application was denied in part and a ruling was deferred in part. Dkt. 561. In light of the present ruling on Defendants' Motion to Strike, the ex parte application is **MOOT**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA


**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

fees. In response, Klune argues that the Standing Orders do not require that the spreadsheet of time entries be lodged as an exhibit or served on opposing counsel.

Defendants next argue that monetary sanctions in the amount of $3956 should be imposed against Klune and one of his attorneys, Kostic, pursuant to Local Rule 7-13 and 83-7. Local Rule 7-13 provides that a party filing any document in support of any motion after the time for filing has expired shall be subject to the sanctions pursuant to Local Rule 83-7. It provides for:

> (a) monetary sanctions, if the Court finds that the conduct was willful, grossly negligent, or reckless;
> (b) the imposition of costs and attorneys' fees to opposing counsel, if the Court finds that the conduct rises to the level of bad faith and/or a willful disobedience of a court order; and/or
> (c) for any of the conduct specified in (a) and (b) above, such other sanctions as the Court may deem appropriate under the circumstances.

Defendants argue that Klune's failure to serve the evidence was at best reckless. The $3956 request represents the fees incurred in preparing Defendants' Motion to Strike along with corresponding, written evidentiary objections. In a supporting declaration, Maria Roberts states that she spent 18.4 hours on these matters.

It is well settled that all evidence filed in support of a motion be filed and served with a party's notice of motion. Plaintiff had a clear obligation to serve the Excel spreadsheets on Defendants at the time Plaintiff filed his motion for attorney's fees. Local Rule 7-5 provides:

> Moving Papers. There shall be served and filed with the notice of motion:
> (a) A brief but complete memorandum in support thereof and the points and authorities upon which the moving party will rely; and
> (b) The evidence upon which the moving party will rely in support of the motion.

The Court's Standing Orders, which supplement the Local Rules, provide that the Excel spreadsheets should also be emailed to Chambers. Standing Orders (Ex. H). Plaintiff's argument that the Court's Standing Orders somehow exempt motions for attorney's fees from Local Rule 7-5 is without basis.

Having reviewed the billing records, and other evidence associated with the effort to present this issue, it is determined that sanctions in the amount of $1720 are awarded against Plaintiff's counsel. This amount reflects a reasonable amount of time necessary to prepare and file those portions of Defendants' Motion to Strike that address this issue, and is consistent with Local Rules 7-13 and 83-7. This amount shall be submitted to Defendants' counsel within 14 days of the entry of this Order. It is appropriate to impose the sanctions on counsel, and not Klune, inasmuch as there is no showing that Klune played any role in the decisions as to what would be filed and served in connection with the motion for attorney's fees.

The request to strike the Excel spreadsheets is **DENIED**. Any prejudice caused to Defendants is addressed by the Order requiring Plaintiff to file and serve the original billing records that support the Excel spreadsheet summaries and permitting Defendants an opportunity to respond to any new evidence. Dkt. 566. This is also consistent with Defendants' alternative request made in their Motion to Strike. *See* Dkt. 551-1 ("In the alternative, if the court is inclined to consider the untimely evidence in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

ruling on the motion, PVHD requests to be given the opportunity to file a sur-reply responding to Klune's new Exhibits. Klune, however, should not be permitted to file additional responses or file additional evidence inasmuch as his conduct in failing to serve the evidence caused the need for the court and PVHD to expend resources related to the present relief.").

B.     Mediation Privilege

Defendants argue that certain statements presented by Kostic violate the mediation privilege. Specifically, Defendants refer to paragraphs 6 and 14 of Kostic's declaration (Dkt. 543-1) and the statements in Plaintiff's reply memorandum linked to those portions of the declaration. Dkt. 543 at 3, 17-19; *Id.* at 4, 6-10).The two paragraphs of the declaration are as follows:

> 6. At an early mediation ordered by this Court and conducted in the spring of 2014, PVHD offered Klune $5,000. This was the top offer PVHD made to Klune in that mediation.
> 14. Even after this Court determined that Klune was entitled to his severance, at the second mediation in March of 2015 PVHD's top offer to Klune was $125,000. Although more money was eventually offered on the eve of trial, it was not apportioned among the three plaintiffs and PVHD was unwilling to settle the claims individually.

Dkt. 543-1 ¶¶ 6, 14. Klune stated that he included these communications in his reply memorandum to rebut Defendants' argument that he had delayed more than 18 months in seeking the adjudication of his contract claim.

The disputed communications were made during private mediation sessions conducted through JAMS. Declaration of Maria Roberts, Dkt. 551-2 ¶¶ 5-6. At both sessions, the parties and their counsel executed JAMS confidentiality agreements *Id.* ¶ 6; *see also* Dkt. 551 (Ex. 1). Those agreements make clear that the California Evidence Code §§ 1115-1128 applies. Dkt. 551 (Ex. 1) ("The provisions of California Evidence Code §§ 1115-1128 and 703.5, as attached hereto, apply to this mediation."). Those code sections set forth the California mediation privilege, which makes inadmissible all "evidence of anything said or any admission made for the purposes of, in the course of, or pursuant to, a mediation or a mediation consultation . . . ." Cal. Code. Evid. § 1119(a).The inclusion of these communications as part of Klune's reply memorandum in support of his motion for attorney's fees was inconsistent with the terms of the JAMS confidentially agreements and the California mediation privilege. Accordingly, they are stricken and are not considered in connection with this Order.[10]

VI.     <u>Motion to Retax Costs</u>

The Judgment entered in this action states that "Defendants are the prevailing party for the purpose of recovery of allowed costs as set forth in Local Civil Rule 54 as to Plaintiffs Rutherford and Barth. As to Defendants and Klune, because neither is the prevailing party, each shall be responsible for their own costs." Dkt. 526 at 2-3. Defendants subsequently filed an application to the Clerk to tax costs against

---

[10]  The request to have the associated materials filed under seal is **DENIED**. There has been an insufficient showing that the public interest in access is outweighed by the need to prevent any claimed injury that would result from disclosure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

Rutherford and Barth, seeking a total amount of $75,413.75. Dkt. 530-1 at 5. Of this total amount, Defendants sought $57,205.27 as to which Rutherford and Barth would be jointly and severally liable, and $18,208.48 as to which only Rutherford would be liable. *Id.* at 7.[11]

The Clerk awarded costs in the amount of $51,693.87. Dkt. 569. This amount was not apportioned between Rutherford and Barth, as requested by Defendants. In the Motion to Retax Costs, Plaintiffs challenge two aspects of the Clerk's award. Dkt. 570-1. *First*, Plaintiffs argue that $3697.47, awarded for "[c]ertification, exemplification and reproduction of documents" should be excluded, thereby reducing the total award to $47,996.40. *Id.* at 2. *Second*, Plaintiffs argue that the total award should be apportioned pursuant to Defendants' original request. *Id.*

      A.    $3697.47 in Copying Costs

Fed. R. Civ. P. 54(d)(1) creates a presumption in favor of awarding costs to a prevailing party, but grants discretion to the district court in determining whether to award them. *Assoc. Of Mex. Am. Educators v. State of Cal.*, 231 F.3d 572, 591 (9th Cir. 2000). In deciding whether to award costs, a district court looks to whether the losing party sufficiently demonstrates "why costs should not be awarded." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 944-945 (9th Cir. 2003).

Defendants initially sought $5,683.47 for "[c]ertification, exemplification and reproduction of documents." Dkt. 530-1 at 6-7. Of this amount, $3430.75 represented a bill from Huron Consulting Group, Inc. for professional services rendered through May 15, 2014 (the "Huron Invoice"). Dkt. 530-7 at 2. Defendants later reduced to $1444.75 the amount of costs sought associated with the Huron Invoice. Dkt. 52-2 at 9. The remaining $2252.72 was based on bills from Knox Attorney Service, Inc., for certain digital prints and binders (the "Knox Invoice"). Dkt. 530-7 at 3-5. Thus, in its amended request, Defendants sought a total of $3697.47 in copying costs ($1444.75 (Huron Invoice) + $2252.72 (Knox Invoice)). This amended request was awarded in full. Dkt. 569.

Plaintiffs argue in conclusory fashion that the Huron Invoice award of $1444.75 is "patently non-recoverable" pursuant to L.R. 54-3.10 because the relevant documents were not "necessarily filed and served," "admitted into evidence [because] the original [wa]s not available," or "substituted for the original at the request of an opposing party." Dkt. 570-1 at 3. Regarding the Knox Invoice, Plaintiffs state that the award of $2252.72 represents charges for some 17,684 pages of documents. *Id.* Although conceding that "some exhibits were admitted into evidence at Defendants request," Plaintiffs argue that the volume was "miniscule compared to the more than 17,000 pages for which Defendants seek to tax costs." *Id.*

Defendants have shown that the Clerk properly awarded $3697.47 in copying costs. On April 6, 2016, the Clerk held a telephonic hearing on Defendants' application to tax costs. Dkt. 572 at 3. During this hearing, the Clerk reviewed and discussed Plaintiffs' objections. *Id.* Defendants explained that the Knox Invoice of $2252.72 represented costs incurred "preparing copies of the joint trial exhibits and Plaintiffs' trial exhibits." *Id.* at 4. Plaintiffs do not dispute that these costs were incurred in connection with preparing for

---

[11]  The latter amount represents costs incurred after March 13, 2015. This is when the Court granted Defendants' motion for partial summary judgment against all of the remaining claims asserted by Barth. Dkt. 408. Accordingly, as of that date, Barth was no longer a party to this action.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

and participating in trial. Instead, Plaintiffs appear to argue that some of the prepared exhibits were not actually submitted into evidence at trial. Dkt. 570-1 at 3. Plaintiffs have not presented any authority or evidence explaining why such costs may not be awarded. Plaintiffs' attempt to retax costs associated with the Knox invoice is **DENIED**.

The $1444.75 in costs awarded pursuant to the Huron Invoice was also properly awarded. In the briefs submitted in support of Defendants' application to the Clerk to tax costs, Defendants explained in detail the justification for this request, which represented costs incurred in connection with copying and documenting digital files from a USB drive. *See* Dkt. 530-1 at 6-7; Dkt. 536 at 11-13; Dkt. 572-2 at 9-10. A summary of Defendants' justification for these costs follows.

In January 2014, prior to trial, Defendants filed a motion for return of documents, to disqualify counsel and for injunctive relief. Dkt. 76. The core basis for this motion was the production of a disk by Plaintiffs in connection with their Fed. R. Civ. P. 26(a) initial disclosures. Dkt. 572 at 5. The disk contained 3705 pages of documents that Defendants claimed to contain attorney-client privileged and confidential documents protected under the Health Insurance Portability and Accountability Act ("HIPAA"), 42 U.S.C. §§ 1320 *et seq. Id.* In April 2014, the motion was granted in part. The Court ordered the following: (i) the original USB drive was to be delivered to Defendants within seven days; (ii) Plaintiffs were to deliver all copies of the USB drive and its contents, and any notes made that contain HIPAA protected information, and verifications that Plaintiffs and their counsel had not retained any copies to Defendants; and (iii) within 14 days, Defendants were to deliver copies of all documents on the USB drive to Plaintiffs, with all HIPAA protected information redacted from the same. Dkt. 163. In response to this Order, on April 25, 2014, Defendants retained the services of Huron Consulting Group, Inc. for the express purpose of making copies of the documents from the USB drive so that Defendants could properly comply with the terms of the Order. Dkt. 572 at 5. Thus, costs associated with the Huron Invoice were related to locating, preserving and documenting information on this USB drive.

Huron Consulting Group, Inc. then issued an invoice to Defendants for $3430.75. Dkt. 530-7 at 2. This amount was included in Defendants' original application to the Clerk to tax costs. However, Defendants subsequently reduced its request to $1444.75 to ensure that the requested amount included only those costs directly associated with capturing, preserving, documenting and copying the original USB drive. Blackstone-Gardner Decl., Dkt. 572-1 ¶ 5.

In the present Motion to Retax Costs, Plaintiffs argue in conclusory fashion that this amount is "patently non-recoverable." Dkt. 570-1 at 3. Plaintiffs have failed to present any case law or compelling argument as to why this is the case. Plaintiffs' attempt to retax costs associated with the Huron invoice is also **DENIED**.

    B.    Apportionment of Costs

Plaintiffs seek to apportion costs in the manner requested by Defendants in the original application to the Clerk to tax costs. Both parties agree that Rutherford should not be liable for any costs incurred after March 13, 2015.[12]

---

[12] Of the $51,693.87 total award of costs, Plaintiffs contend that Rutherford and Barth should be jointly and severally liable for $50,133.19, with Rutherford solely liable for $1560.68. Dkt. 570-1 at 4-5. Defendants contend

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

As noted, Defendants initially sought $75,413.75 in costs. This request was supported with a chart showing that $57,205.27 of this amount was incurred prior to March 13, 2015, and that $18,208.48 was incurred after March 13, 2015. Dkt. 530-2, 530-8.

The Clerk awarded costs in the amount of $51,693.87, which reflects a total reduction of $23,719.88 Dkt. 569. For certain of the deductions, it cannot be determined whether they were as to expenses incurred before or after March 13, 2015. Therefore, in those limited circumstances, the Court determined the percentage of total costs incurred before and after March 13, 2015 and apportioned the deduction in the same ratio. The chart shows the overall calculations and their bases.

| Costs | Amount Requested | Amount Awarded | Disposition and Explanation |
|---|---|---|---|
| Fees for Service of Process | $2628.40 | $2029.60 | All fees associated with such costs were incurred prior to March 13, 2015. Therefore, Rutherford and Barth are jointly and severally liable for the amount awarded ($2029.60). |
| Reporter's Transcripts | $15,718.45 | $0 | Because no amount was awarded for fees associated with this cost, all associated costs were subtracted from the total amount sought. |
| Depositions | $48,864.50 | $44,377.22 | Deposition fees were incurred before and after March 13, 2015. $48,427.75 was incurred before March 13, 2015, and $436.75 was incurred after March 13, 2015. Therefore, 99.11% of deposition costs were incurred prior to the cutoff date, and .89% of depositions costs were incurred after the cutoff date.<br><br>The Clerk awarded $44,377.22 in deposition costs.<br><br>Rutherford and Barth are jointly and severally liable for 99.11% of the total amount awarded for this cost ($43,982.26), and Rutherford is solely liable for .89% of the total amount awarded for this cost ($394.96). |
| Witness Fees | $2,518.93 | $1589.58 | All of these fees were incurred after March 13, 2015. Therefore, Rutherford is solely liable for the amount awarded for this cost ($1589.58). |
| Document Certification and Reproduction | $5683.47 | $3697.47 | Document certification and reproduction fees were incurred before and after March 13, 2015. $3430.75 was incurred prior to March 13, 2015, and $2252.72 was incurred after March 13, 2015. Therefore, 60.36% of associated costs were incurred prior to the cutoff date, and |

that Rutherford and Barth should be jointly and severally liable for $47,414.82, with Rutherford solely liable for $4729.05. Blackstone-Gardner Decl, Dkt. 572-1 ¶ 6. Neither party explains the basis for its calculation or why it differs from the calculation of the other.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| Case No. | ED CV13-01247 JAK (SPx) | Date | August 23, 2016 |
|---|---|---|---|
| Title | Dennis Rutherford v. Palo Verde Health Care District, et al. | | |

|  |  |  | 39.64% of associated costs were incurred after the cutoff date. |
|---|---|---|---|
|  |  |  | The Clerk awarded $3697.47 in costs for document certification and reproduction. |
|  |  |  | Therefore, Rutherford and Barth are jointly and severally liable for 60.36% of the total amount awarded for this cost ($2231.79), and Rutherford is solely liable for 39.64% of the total amount awarded for this cost ($1465.68). |

These calculations result in the following: Rutherford and Barth are jointly and severally liable for $48,243.65 in costs, and Rutherford is solely liable for $3450.22 in costs. The total of these two amounts represents the total amount of costs awarded -- $51,693.87.

## VII.   Conclusion

For the foregoing reasons, Defendants' Motion is **GRANTED IN PART and DENIED IN PART**. Defendants are awarded $19,981 in fees against Rutherford and Barth pursuant to Cal. Civ. Code Cal. § 1717, and $3750 in fees against Barth, Rutherford and Klune pursuant to 42 U.S.C. § 1988.

Klune's Motion is **GRANTED IN PART and DENIED IN PART**. Klune is awarded $31,025 in fees against Defendants.

Defendants' Motion to Strike is **GRANTED IN PART and DENIED IN PART**. Sanctions in the amount of $1720 are awarded against Plaintiffs' counsel. This amount shall be submitted to Defendants' counsel by September 6, 2016.

Finally, the Motion to Retax Costs is **GRANTED IN PART and DENIED IN PART**. Rutherford and Barth are jointly and severally liable for $48,243.65 in costs. Rutherford is solely liable for $3450.22 in costs.

The attorney's fees shall be paid by September 23, 2016.

On or before September 5, 2016, Defendants shall lodge a proposed, amended judgment consistent with the terms of this Order and with the relevant terms of the Judgment previously entered in this action. Dkt. 526. Plaintiffs shall timely file any objections to the proposed judgment no later than September 12, 2016. Upon receiving the proposed amended judgment and any timely objections, the Court will review the materials and enter an appropriate, amended judgment.

**IT IS SO ORDERED.**

_____   :   _____

Initials of Preparer      ak