UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DENNIS RUTHERFORD, an individual; PETER KLUNE, an individual; TARA BARTH, an individual,

Plaintiffs,

v.

PALO VERDE HEALTH CARE DISTRICT, a public entity; TRINA SARTIN, an individual; SANDRA HUDSON, an individual; SAMUEL BURTON, an individual; and DOES 1 to 50, inclusive,

Defendants.

Case No.: EDCV13-cv-01247 JAK(SPx)
Consolidated with:
ED CV13-1249 JAK(OPx) and
ED CV13-1250 JAK(OPx)

**ORDER OF DISMISSAL WITH PREJUDICE PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 41 AND ORDER RELEASING THE PARTIES FROM FURTHER LITIGATION PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 60 (DKT. [620])**

**JS-6**

Upon good cause having been shown, the Court **APPROVES** the Stipulation. It is hereby Ordered that, subject to and in accordance with the terms and conditions of the Settlement Agreement attached hereto, in lieu of this Court filing an Amended Judgment, the case is dismissed with prejudice. The parties are released from further

litigation in this matter. Defendants have satisfied the Judgment with respect to Plaintiff KLUNE.

IT IS SO ORDERED.

Dated: July 31, 2019

JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

**SETTLEMENT AND RELEASE AGREEMENT**

This Settlement and Release Agreement ("Agreement") is entered into by and between Peter Klune ("Releasor"); and Palo Verde Healthcare District ("Releasee"); with respect to the following action:

A. On or about July 16, 2013, Releasor filed a lawsuit in the United States District Court, Central District of California against Releasee, which was later consolidated into a single action, titled *Dennis Rutherford, Peter Klune and Tara Barth v. Palo Verde Health Care District, et. al.,* Case Number EDCV13-01247 (the "Action"). The original complaint pled nine causes of action: (1) violation of 31 U.S.C. § 3730; (2) breach of written employment contract; (3) retaliation in violation of California Labor Code § 1102.5; (4) retaliation in violation of Cal. Gov. Code § 12653; (5) violation of Cal. Lab. Code § 203; (6) intentional infliction of emotional distress; (7) tortious invasion of privacy; (8) violation of the privacy rights under Cal. Const. Art. 1, § 1; and (9) violation of 42 U.S.C. § 1983.

B. In order to avoid the on-going expense and inconvenience of any further judicial proceedings, including, without limitation, any post judgment attorney fee motions, Releasor and Releasee desire to finally settle all claims asserted in the Action, as well as all issues that were raised or could have been raised in the Action, as well as any claims or potential claims arising from any transactions or occurrences between Releasor and Releasee on the terms set forth in this Agreement.

C. Pursuant to the terms of this Agreement and release, Releasor and Releasee will bring to zero the balance currently owed to Releasor as a result of the Ninth Circuit's mandate modifying the Judgment to award Releasor on his contract claim an additional $36,350.00 in deferred compensation, in addition to pre-judgment interest.

**THEREFORE, IT IS HEREBY AGREED AS FOLLOWS:**

**CONSIDERATION**

In exchange for the promises and warranties of Releasor and Releasee, as set forth below, it is agreed as follows:

1. Releasor agrees to accept Releasee's payment in the amount of Fifty-Five Thousand Dollars ($55,000.00) in full resolution of all of his claims against Releasee. Releasee shall cause to be paid to Releasor the total amount of Fifty-Five Thousand Dollars and Zero Cents ($55,000.00) ("Settlement Payment"). The Settlement Payment shall be made payable to "Artiano Shinoff Trust Account," for which Releasee shall issue an IRS Form 1099 to Releasor. The Settlement Check shall be delivered to Releasor's attorney, Paul Carelli, IV, at Artiano Shinoff, 2488 Historic Decatur, Suite 200, San Diego, California 92106, no later than thirty (30) days after this Agreement has been fully executed by all parties.

2. Releasee does not agree with or take any position regarding how Releasor allocates the payment he receives pursuant to this Agreement and is required by law to issue an IRS form 1099 for the payment to be made to Releasor and will issue a form 1099 to Releasor for the Settlement Payment. It shall be the sole obligation and responsibility of Releasor to satisfy any and all tax obligations he may have with respect to the Settlement Payment issued to him.

3. Within three business days of Releasor's receipt of the Settlement Payment, Releasor will file a joint motion for entry of satisfaction of judgment and to dismiss post-appeal claims with prejudice pursuant to FRCP 60(b)(5), 41(a)(1)(ii) and 83(b). Releasee agrees to cooperate, and hereby instruct their attorneys to cooperate, with counsel for Releasor to the extent necessary to achieve the satisfaction of the judgment and dismissal of the post-appeal claims with prejudice.

4. The Parties to this Agreement shall bear all of their own attorneys' fees and litigation costs.

5. The District Court shall retain jurisdiction pursuant to California Code of Civil Procedure section 664.6 to enforce the terms and conditions of this Agreement.

6. This Agreement shall be binding, admissible in court and enforceable, in accordance with Evidence Code section 1123 for purposes of enforcing this Agreement.

## GENERAL RELEASE OF ALL CLAIMS

A. **General Release of All Claims**

In exchange for the above-consideration, Releasor unconditionally, irrevocably, and absolutely agrees to forever mutually release and discharge Releasee, its affiliates, current/former PVHD Board Members, as well as any other present or former employees of these entities, any affiliates, officers, managers, agents, attorneys, insurers, self-insurance risk sharing pool, successors and assigns, from all claims related in any way to the transactions or occurrences between them, to the fullest extent permitted by law. All of such persons are hereinafter sometimes referred to as the "Released Parties."

This release is intended to be interpreted broadly to apply to any and all claims related to Releasor's employment and employment conditions with Releasee, his termination from employment and all other losses, liabilities, claims, charges, demands and causes of action, known or unknown, suspected or unsuspected, arising directly or indirectly out of or in any way connected with the matters addressed in Releasor's Complaint or and the responsive pleadings filed in the Action (collectively, "Released Claims").

The Released Claims include, without limitation, any claim that Releasor has or could assert in tort, contract, common law, the state or federal Constitution, state or federal statutes (including, without limitation, the California Fair Employment and Housing Act, the California Civil Code, the California Government Code, and Title VII of the Civil Rights Act of 1964), all claims for physical and emotional injuries, illness or damage, and all claims for attorneys' fees, costs and expenses, grievances, claims and/or appeals under Releasee's internal administrative review procedures.

Releasor further acknowledges and agrees that Releasee, including Releasee's successors, assigns, affiliated, and related companies are under no legal duty to employ/re-employ them in any capacity and they waive any claim related to the denial of employment/re-employment. Releasor further agrees to not seek re-employment with Releasee (either directly or through a contractor, staffing agency, or placement agency) at any time after the date this Agreement is executed and expressly authorizes Releasee to use this promise to deny any such employment. Releasor further acknowledges in this regard that Releasee and their parents, subsidiaries, affiliates, or other related corporate entities, successors, or assigns have an absolute and complete right to refuse to enter into any form of employment with them, and that this Agreement shall constitute a complete defense to any claim Releasor may make regarding the refusal by Releasee to enter into such relationship with them.

Releasee, for itself, hereby waives, releases and forever discharges any claims Releasee has or may have against Releasor related in any way to the Action, including any claims for the recovery of attorneys' fees, legal costs and related expenses/claims.

B. **Unknown or Different Facts or Law**

Releasor acknowledges he may discover facts or law different from, or in addition to, the facts or law they know or believe to exist with respect to a Released Claim. Releasor agrees, nonetheless, that this Agreement and his releases contained in it shall be and remain effective in all respects notwithstanding such different or additional facts or law.

C. **California Civil Code Section 1542 Waiver**

Releasor expressly acknowledges and agrees that the release contained in this Agreement includes a waiver of all rights under Section 1542 of the California Civil Code. This statute reads as follows:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her would have materially affected his or her settlement with the debtor or released party.**

Releasor acknowledges that he has read this Agreement, including the above Civil Code section, and that he fully understands both the Agreement and the Civil Code section. Releasor also agrees and understands that he is waiving any benefits and rights granted pursuant to Civil Code section 1542.

D. **No Transfer or Assignment**

Releasor expressly warrants and represents that he has not transferred to any person or entity and rights, causes of action and/or claims which are waived, released and forever discharged herein.

E. **No Admissions**

It is understood and agreed that this Agreement is not an admission of liability, and that Releasee specifically denies liability in this action and intend merely to avoid further litigation and expense by entering into this Agreement. The parties agree that it is their mutual intention that neither this Agreement nor any terms hereof shall be admissible in any other or future proceedings against Releasee, except a proceeding to enforce this Agreement.

F. **Severability**

Should it be determined by a court that any term of this Agreement is unenforceable, that term shall be deemed to be deleted. However, the validity and enforceability of the remaining terms shall not be affected by the deletion of the unenforceable terms.

G. **Modifications**

This Agreement may be amended only by a written instrument executed by all parties hereto.

H. **Cooperation**

The parties agree to do all things necessary and to execute all further documents necessary and appropriate to carry out and effectuate the terms and purposes of this Agreement.

I. **Interpretation; Construction**

The headings set forth in this Agreement are for convenience only and shall not be used in interpreting this Agreement. This Agreement has been drafted jointly by respective counsel for Releasee and Releasor. Accordingly, the parties acknowledge that each of them has had an opportunity to review and discuss each of the terms of this Agreement with legal counsel and, therefore, the normal rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Agreement.

J. **Entire Agreement**

The parties to this Agreement declare and represent that no promise, inducement or agreement not herein discussed has been made between the parties, and that this Agreement contains the entire expression of agreement between the parties on the subjects addressed herein.

**INTENTIONALLY LEFT BLANK**

**K. Advice of Counsel**

The parties declare and represent that they are executing this Agreement with full advice from their respective legal counsel, and that they intend that this Agreement shall be complete and shall not be subject to any claim of mistake, and that the releases herein express a full and complete release and, regardless of the adequacy or inadequacy of the consideration, they intend the releases herein to be final and complete.

WE HAVE READ THE FOREGOING RELEASE AND FULLY UNDERSTAND AND ACCEPT IT AS REFLECTED HEREIN.

Dated: ____________________

____________________
Peter Klune, Plaintiff and Releasor

Dated: 3/29/2019

____________________
[Authorized Representative]
Palo Verde Hospital District, Defendant and Releasee

K. **Advice of Counsel**

The parties declare and represent that they are executing this Agreement with full advice from their respective legal counsel, and that they intend that this Agreement shall be complete and shall not be subject to any claim of mistake, and that the releases herein express a full and complete release and, regardless of the adequacy or inadequacy of the consideration, they intend the releases herein to be final and complete.

WE HAVE READ THE FOREGOING RELEASE AND FULLY UNDERSTAND AND ACCEPT IT AS REFLECTED HEREIN.

Dated: 6-20-19

Peter Klune, Plaintiff and Releasor

Dated: July 12, 2019

[Authorized Representative]
Palo Verde Hospital District, Defendant and Releasee

APPROVED AS TO FORM:

Dated: ____________________ Artiano Shinoff

______________________________________
By: Paul Carelli, IV
Attorney for Plaintiff and Releasor, Peter Klune

Dated: ____________________ Greene & Roberts

______________________________________
Maria C. Roberts
Attorneys for Defendant and Releasee, Palo Verde Hospital District

## ADDENDUM TO SETTLEMENT AND RELEASE AGREEMENT

This Addendum to the SETTLEMENT AND RELEASE AGREEMENT ("Agreement") is entered into between Peter Klune ("Releasor") and Palo Verde Healthcare District ("Releasee").

## AGREEMENT

In exchange for the promises and warrantees of Releasor and Releasee, as set forth below, it is agreed as follows:

1. The release detailed in Parts A through C of the "General Release of All Claims" shall be a mutual release. It is the intention of the parties that all rights, releases, and protections that Releasor is affording Releasee in Parts A through C shall be equally afforded by Releasee to Releasor with full force and effect absolutely, forever, without limitation, unconditionally and irrevocably. Releasor and Releasee acknowledge that by the execution of this mutual release, they are relinquishing their respective legal rights to any current or future claim against the other.

2. By entering into the Agreement, Releasor is not waiving any rights of indemnification or defense that he owns as a former employee of Releasee under California Government Code sections 825 through 825.6, or as described in Releasor's employment agreement with Releasee. The Agreement shall therefore not be construed to release Releasee or its insurers from any legal obligations of indemnification or defense owed to Releasor that may arise under the Government Code or Releasor's employment agreement.

**INTENTIONALLY LEFT BLANK**

The parties declare and represent that they are executing this Addendum with full advice from their respective legal counsel, and that they intend that this Addendum shall be complete and shall not be subject to any claim of mistake, and that the releases herein express a full and complete release and, regardless of the adequacy or inadequacy of the consideration, they intend the releases herein to be final and complete.

WE HAVE READ THE FOREGOING RELEASE AND FULLY UNDERSTAND AND ACCEPT IT AS REFLECTED HEREIN.

Dated:____________________

____________________________________
Peter Klune, Plaintiff and Releasor

Dated: July 17, 2019

____________________________________
[Authorized Representative]
Palo Verde Hospital District, Defendant and Releasee

The parties declare and represent that they are executing this Addendum with full advice from their respective legal counsel, and that they intend that this Addendum shall be complete and shall not be subject to any claim of mistake, and that the releases herein express a full and complete release and, regardless of the adequacy or inadequacy of the consideration, they intend the releases herein to be final and complete.

WE HAVE READ THE FOREGOING RELEASE AND FULLY UNDERSTAND AND ACCEPT IT AS REFLECTED HEREIN.

Dated: 6-20-19

Peter Klune, Plaintiff and Releasor

Dated: July 12, 2019

[Authorized Representative]
Palo Verde Hospital District, Defendant and Releasee

APPROVED AS TO FORM:

Dated: ___________________

Artiano Shinoff

______________________________

By: Paul Carelli, IV
Attorney for Plaintiff and Releasor, Peter Klune

Dated:___________________

Greene & Roberts

______________________________

By: Maria C. Roberts
Attorneys for Defendant and Releasee, Palo Verde Hospital District